Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for DENA' NENA' HENASH, INC.
d/b/a TANANA CHIEFS CONFERENCE

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| DENA' NENA' HENASH, INC. d/b/a TANANA CHIEFS CONFERENCE, an Alaska non-profit corporation,<br><br>                    Plaintiff,<br>vs.<br><br>ORACLE CORPORATION, a Delaware corporation,<br><br>                    Defendant. | Case No. 4:06-CV-00006 RRB<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Comes now plaintiff Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference ("TCC"), by and through its undersigned counsel, and for its First Amended Complaint complains against defendant Oracle Corporation ("Oracle") as follows:

JURISDICTION AND VENUE

1.    TCC is a non-profit corporation organized and existing under the laws of the State of Alaska with its principal place of business in Fairbanks, Alaska.

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

2. Oracle is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California.

3. This Court has jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue in this action is predicated upon 28 U.S.C. § 1391(A) because a substantial part of the events or omissions giving rise to TCC's claims occurred in the District of Alaska. Additionally, the Services Agreement contract between TCC and Oracle contains a choice of venue provision by which TCC and Oracle agree to the exclusive jurisdiction of, and venue in, the courts in Fairbanks, Alaska, among other courts.

## FACTUAL BACKGROUND

5. TCC has been in existence since 1962 and organized as a non-profit corporation since 1971. TCC is an intertribal consortium made up of 37 federally recognized Alaska Native Tribes and 5 non-recognized villages/Native groups located in Interior Alaska. From 1971 to the present, TCC has acted as a political, economic, legal, and social advocate for its members, and is charged with meeting the governmental, health, and social needs of its Tribes. Collectively, the membership of TCC's 42 member Tribes consists of more than 15,000 Alaska Native people spread across 235,000 square miles of territory in Interior Alaska.

6. TCC operates over 120 programs for its members, incurring annual operating expenses that exceed $82 million. It has approximately 700 employees with an annual payroll that exceeds $22 million.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 2

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

7. TCC receives funds for its operations from a variety of sources, including grants, Indian Health Service contracts and compacts, Bureau of Indian Affairs contracts and compacts, state grants, program-generated income, and other monies from federal, state and local governmental sources, and private agencies. Grants provide much of TCC's resources.

8. In October 2003, seeking to replace a legacy system that was neither sufficiently reliable nor otherwise adequate to meet TCC's current and future needs, TCC issued a Request for Proposal to a number of software vendors.

9. TCC sought a software solution that met its business requirements, with sufficient functionality to manage and control TCC's complex grant-driven organization. It also sought a software provider who could provide the implementation and project management services required to install and implement that solution.

10. Oracle responded to TCC's Request for Proposal on November 20, 2003. In that Proposal, and in other communications between TCC and Oracle, Oracle made numerous misrepresentations designed to induce TCC to enter into a contract with Oracle. Among those misrepresentations were the following:

a) Oracle promised that the implementation could be quickly completed and that Oracle's standard software provided the functionality that TCC required. The November 20, 2003, cover letter to Oracle's written proposal, for example, stated that "[c]ompressed time frames are achievable because Tanana Chiefs Conference's requirements are addressed by Oracle's standard functionality . . . " A copy of that cover letter is appended to this Complaint as Exhibit A.

b) Oracle stated in the management summary accompanying its proposal that it felt "confident that Tanana Chiefs Conference will realize significant

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 3

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

financial savings as well as higher quality of services through the implementation of this solution." A copy of that management summary is appended to this Complaint as Exhibit B.

    c) Both in its proposal, and through its representatives, Oracle repeatedly assured TCC that its software could provide all of the functionality needed by TCC. They stated that Oracle's "out of the box" software had the required functionality, including the ability to provide requested reports, to calculate and properly apply the proper indirect rates, to exchange data between the purchased modules, and to otherwise manage and control TCC's organization. They said that no customizations would be necessary.

    d) Oracle's representatives falsely stated that Oracle's HR, Payroll, Benefits and Grants modules were fully integrated.

    e) Oracle's representatives repeatedly assured TCC that the implementation could be fully completed within 90 days, and otherwise provided projected go-live dates that were not, and could not have been met.

    f) Oracle's representatives falsely stated that it would be able to accomplish the implementation within a specified budget.

    g) Oracle's representatives made false representations to TCC to induce TCC to agree to a time and materials contract rather than a fixed price contract, including representations that there would be a "substantial cost savings to TCC" from a time and materials contract and that since the project was a "fairly predictable, basic flows implementation," a time and materials contract was "in TCC's best interest."

    h) Oracle's representatives also made representations regarding a proposed second phase ("Phase Two") of the implementation in which software

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND  
Page 4

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation  
CaseNo. 4:06-CV-00006 RRB

capabilities would be extended to TCC's tribal members, including representations regarding functionality, cost, and the time required to complete Phase Two. Because of the problems experienced in the first phase of the implementation, TCC has not completed this second phase, and thus reserves its right to assert claims relating to Phase Two.

11. Except to the extent that these misrepresentations were contained in written materials, they were made by members of Oracle's sales team and others who attempted to persuade TCC to use Oracle's software and services, including Rita Popp, Heidi Kiemle, Mark Tracy, K. C. Bacher, Robert Azzoperti, Joe Wood, Tim Bowman, and Jeff Vyeda. Each of these representations was important to TCC's decision to choose Oracle. Each of these representations was relied upon in making the decision to purchase Oracle software and to retain Oracle for the implementation. TCC relied on these representations, which were false, in entering into the agreements with Oracle set forth below.

12. TCC did not maintain a sophisticated staff with technical expertise in computer software design. It relied upon Oracle and its representatives' representations in selecting the Oracle software as the system which would best meet its needs.

13. Relying upon the Oracle Proposal and other Oracle representations, TCC entered into the following agreements with Oracle: a License and Services Agreement (the "License Agreement") (attached as Exhibit C), an Ordering Document relating to the License Agreement (the "License Agreement Ordering Document") (attached as Exhibit D), a Services Agreement (the "Services Agreement") (attached as Exhibit E), and an Ordering Document relating to the Services Agreement (the "Services Agreement Ordering Document") (attached as Exhibit F) (collectively, the "Contracts").

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

14. The total cost of the Oracle software and related services for the first phase of the project ("Phase One") was to be $391,192.20 for software and $966,302.00 for services, for a total expenditure of $1,357,494.20. In addition, TCC agreed to pay certain support fees. Oracle promised that it would deliver and implement the Oracle System by July 1, 2004.

15. TCC has currently invested over $7 million in licensing and attempting to implement the Oracle software for Phase One, but has not yet been able to attain a complete and fully functioning system. Although TCC went live on a very limited portion of the Oracle software system in November 2004, the system had extremely limited functionality and is still incomplete and not fully implemented. TCC expects to incur additional substantial sums in making the software fully functional.

16. Despite Oracle's representations that the system was fully integrated and would be able to meet TCC's needs, customization was necessary after delivery to integrate the software modules and provide the functionality required by TCC. The customization created by Oracle to provide the needed integration was poorly designed and otherwise defective.

17. Oracle repeatedly failed in numerous other ways to provide services to TCC in a professional manner consistent with industry standards, including the following. The Oracle consultants were either untrained or inadequately trained in the software that was being implemented at TCC and the ways in which TCC would need to use the software. They had no or insufficient accounting and grant backgrounds and were not sufficiently familiar with or knowledgeable of the Grants module. There was a lack of project management and direction from Oracle. Oracle's consultants were frequently rotated on and off the project, leading to discontinuity and confusion. Oracle's

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY                    Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
DEMAND                                              Conference v. Oracle Corporation
Page 6                                              CaseNo. 4:06-CV-00006 RRB

consultants failed to create and follow project plans and failed to properly communicate with one another or with TCC. Oracle's consultants failed to provide accurate information regarding the status of the implementation. Oracle's consultants configured the software improperly and improperly modified the software. They rendered inoperable one of the instances of the software established at TCC. They were unable to complete the implementation in the time that they had promised and for the amount that they had promised.

18. The Grants module had little or no ability to generate reports, contrary to Oracle's representations. Moreover, the improper way in which Oracle configured the software prevented TCC from generating reports. TCC thus has spent considerable time and resources in creating that capability. This effort was made far more difficult by the improper way in which Oracle configured the software.

19. Because Oracle's services were deficient, TCC has had to retain consultants from other companies to implement the software system.

20. Because of the defects noted above and because the underlying software release licensed to TCC was incapable of providing the required functionality, TCC has spent and will need to spend considerable time and resources in upgrading its system to later Oracle software releases and modules which it would not have had to spend but for Oracle's misrepresentations and inadequate services.

21. TCC has had to purchase additional hardware at the cost of over $500,000, that it would not have had to purchase had the Oracle software functioned as represented.

22. Oracle made additional misrepresentations to TCC following the execution of the agreements between the parties. Vicki Parrott and Jessica Black repeatedly represented that the implementation was almost complete, when in fact substantial work

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 7

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

remained before the software was ready for use.  TCC relied on these representations, which were false, in continuing to work with and purchase services from Oracle.

23. Due to these misrepresentations, and because it had already invested considerable time and resources in the implementation of the Oracle software, TCC executed several contract amendments that contemplated Oracle's performance of further work for additional fees.  These contract amendments are appended hereto as Exhibit G (collectively the "Contract Amendments.")  The Contract Amendments specifically provided that they were not to be construed or interpreted as a release or waiver by TCC as to any claim that it might have against Oracle.

24. Throughout the implementation process, TCC kept Oracle advised that Oracle's services were deficient.  In addition, Oracle had actual and constructive notice of these deficiencies because of the problems its representatives experienced as they were performing services during the implementation process.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT AND EXPRESS WARRANTY)

25. TCC incorporates and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Oracle warranted in the Services Agreement and the Services Agreement Ordering Document that all Oracle services would be provided in a professional manner consistent with industry standards.

27. As set forth above, Oracle has not performed its services under the Services Agreement and the Services Agreement Ordering Document in a professional manner consistent with industry standards.  Oracle is thus in material breach of the Services Agreement and the Services Agreement Ordering Document.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND  Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
Page 8  CaseNo. 4:06-CV-00006 RRB

28. Any limitations contained in the Services Agreement and the Services Agreement Ordering Document upon TCC's remedies for breach of contract have failed of their essential purpose. TCC has fully performed its obligations under the Contracts.

29. Any attempts by Oracle to limit the remedies available to TCC for Oracle's breach of contract or to limit or disclaim warranties are void and unenforceable as unconscionable due to Oracle's misrepresentations.

30. As a direct and proximate result of Oracle's breach of contract, TCC has suffered general damages and special damages as alleged above, the precise amount of which is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENCE)

31. TCC incorporates and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Oracle held itself out to the public and to TCC as being a professional software and information services consultant and, as such, was under a duty to conform to certain standards of conduct in order to protect its clients from unreasonable risks.

33. Oracle breached the applicable duty of care by offering services under the Services Agreement and the Services Agreement Ordering Document that were below the level expected by a reasonable consultant.

34. As a direct and proximate result of Oracle's negligence, TCC has been damaged in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 9

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

## THIRD CLAIM FOR RELIEF
### (FRAUDULENT MISREPRESENTATION)

35. TCC incorporates and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Oracle made numerous fraudulent misrepresentations to TCC, including those set forth in paragraphs 10 and 22 above.

37. These representations, along with the other representations made by Oracle, are and were false. TCC is informed and believes and on that basis alleges that at the time that Oracle made these representations, Oracle either knew the representations were false or made the representations recklessly without knowing whether they were true or false. TCC is further informed and believes and on that basis alleges that the promises made by Oracle were made without any intention of performing them. The Oracle representatives who made these representations had the actual and apparent authority to make those representations on behalf of Oracle. TCC is informed and believes and on that basis alleges that the Oracle representatives made these representations with the intent to defraud TCC, to induce TCC to execute the Contracts and the Contract Amendments, to induce TCC to continue to work with and purchase services from Oracle, to induce TCC to forego seeking software from another supplier, to induce TCC to refrain from making claims against Oracle, to induce TCC to execute other agreements and transactions, and to induce TCC to otherwise rely upon the representations.

38. TCC was unaware of the falsity of the representations and justifiably acted in reliance upon those representations in executing the Contracts and the Contract Amendments, in executing other agreements and transactions, in continuing to work with and purchase services from Oracle, in foregoing any effort to seek software from another supplier, in refraining from making claims against Oracle, and in otherwise acting or

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 10

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

refraining from acting with respect to matters relating to the various software programs. Oracle had a reputation as an established software consulting firm and asserted that it had superior knowledge in the field of computer business applications.

39. As a direct and proximate result of Oracle's fraudulent misrepresentations, TCC has been damaged in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

## FOURTH CLAIM FOR RELIEF
## (NEGLIGENT MISREPRESENTATION)

40. TCC incorporates and realleges paragraphs 1 through 39 as if fully set forth herein.

41. The representations set forth in paragraphs 10 and 22 are false. TCC is informed and believes and on that basis alleges that the Oracle representatives made these representations without reasonable grounds for believing them to be true. The Oracle representatives who made these representations had the actual and apparent authority to make those representations on behalf of Oracle. TCC is informed and believes and on that basis alleges that the Oracle representatives made these representations with the intent to defraud TCC, to induce TCC to execute the Contracts and the Contract Amendments, to induce TCC to continue to work with and purchase services from Oracle, to induce TCC to forego seeking software from another supplier, to induce TCC to refrain from making claims against Oracle, to induce TCC to execute other agreements and transactions, and to induce TCC to otherwise rely upon the representations.

42. TCC was unaware of the falsity of the representations set forth in paragraphs 10 and 22 and justifiably acted in reliance upon those representations in executing the Contracts and the Contract Amendments, in executing other agreements

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 11

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

and transactions, in continuing to work with and purchase services from Oracle, in foregoing any effort to seek software from another supplier, in refraining from making claims against Oracle, and in otherwise acting or refraining from acting with respect to matters relating to the various software programs.  Oracle had a reputation as an established software consulting firm and asserted that it had superior knowledge in the field of computer business applications.

43.     As a direct and proximate result of Oracle's misrepresentations, TCC has been damaged in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

## FIFTH CLAIM FOR RELIEF
## (CONSTRUCTIVE FRAUD)

44.     TCC incorporates and realleges paragraphs 1 through 43 as if fully set forth herein.

45.     Due to the trust imposed in Oracle by TCC, a fiduciary relationship arose between TCC and Oracle.  Oracle has breached that duty in failing to properly perform the implementation of the software with care, skill, reasonable expediency and faithfulness and in making misrepresentations regarding its goods and services, as more fully set forth above.  As a result of Oracle's misrepresentations, Oracle gained an economic advantage by misleading TCC to its prejudice.  To the extent that Oracle's representations were made without fraudulent intent, such representations constitute constructive fraud.

46.     Because constructive fraud has the same legal consequences as actual fraud, TCC is entitled to seek damages.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 12

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

47. TCC has been damaged in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (ALASKA UNFAIR TRADE PRACTICES ACT)

48. TCC incorporates and realleges paragraphs 1 through 47 as if fully set forth herein.

49. The statements made by Oracle's representatives, detailed above, and the Contracts that TCC was induced to execute by reason of Oracle's representations, were fraudulent and/or misleading in whole or in part, and constitute "unfair or deceptive acts or practices" prohibited under AS 45.50.471, *et seq.*

50. Oracle's unfair and deceptive acts have damaged TCC in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial, and entitle TCC to an award of treble damages, punitive damages, and full actual attorneys' fees under the Act.

## SEVENTH CLAIM FOR RELIEF
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

51. TCC incorporates and realleges paragraphs 1 through 50 as if fully set forth herein.

52. There is a covenant of good faith and fair dealing implied in the Services Agreement and the Services Agreement Ordering Document.

53. Oracle breached the covenant of good faith and fair dealing by, among other things, its failure to provide services in a professional manner consistent with industry standards, as detailed above.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 13

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

54. Oracle's breach of the covenant of good faith and fair dealing have denied TCC the benefit of the Services Agreement and the Services Agreement Ordering Document, and have damaged TCC in an amount that is currently unknown but which is expected to exceed $5,500,000 and will be proven at trial.

55. Oracle's breach of the covenant of good faith and fair dealing was done intentionally and with reckless disregard for the rights of TCC and entitles TCC to punitive and exemplary damages in an amount to be established at trial.

WHEREFORE TCC prays for judgment against defendant Oracle as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For treble damages;

4. For exemplary and punitive damages;

5. For all monies paid to Oracle pursuant to the Contracts, as amended;

6. For its attorneys' fees and costs of the suit; and

7. For such other and further relief as the court deems proper, including pre and post judgment interest and plaintiff's attorneys fees.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TCC requests a trial by jury.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND
Page 14

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
CaseNo. 4:06-CV-00006 RRB

DATED this 21st day of July, 2006, at Anchorage, Alaska.

          DORSEY & WHITNEY LLP


By:     /s/ Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, Alaska 99501-5907
    lindemuth.jahna@dorsey.com

    Peter W. Sipkins (Minn. Bar #101541)
    Paul R. Dieseth (Minn. Bar #166881)
    DORSEY & WHITNEY LLP
    Suite 1500
    50 South Sixth Street
    Minneapolis, Minnesota 55402-1498
    sipkins.peter@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 21st day of July, 2006, a true and correct
copy of this document was served by certified mail on:

David E. Garrett
500 Oracle Parkway, MS 5op7
Redwood City, CA  94065


By:     /s/ Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

FIRST AMENDED COMPLAINT AND JURY DEMAND      Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference v. Oracle Corporation
Page 15      CaseNo. 4:06-CV-00006 RRB

4827-5731-8145\1 7/21/2006 1:59 PM