Westlaw.

Slip Copy                                                                                           Page 1

Slip Copy, 2005 WL 1713182 (D.Alaska)
**(Cite as: Slip Copy)**

**H**
Only the Westlaw citation is currently available.
United States District Court, D. Alaska.
GOVERNMENT COMPUTER SALES, INC., an Alaska Corporation, Plaintiff,
v.
DELL MARKETING, L.P., A TEXAS LIMITED PARTNERSHIP d/b/a State and Local; and K-12 Education, One Dell Way, Round Rock, Texas 78682; and Dell Inc., a Delaware Corporation, One Dell Way, Rock Round, Texas 78682, Defendants.
No. F04-0030 CV (RRB).

July 21, 2005.

*ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT*

BEISTLINE, J.

I. INTRODUCTION

*1 Before the Court are Defendants Dell Marketing, L.P. and Dell Inc. ("Defendants") with a Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 28). Defendants argue that the Court should dismiss some or all of the Second Amended Complaint (Docket No. 26) because Plaintiff Government Computer Sales, Inc. ("Plaintiff") has failed to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). In particular, Defendants argue that certain "Remarketer Agreements" (a/k/a Reseller Agreements) drafted and entered into by the parties are fatal to Plaintiff's claims and specifically preclude the relief Plaintiff seeks.

II. FACTS

In late 1992, Plaintiff became an authorized remarketer of Dell products in Alaska, which allowed Plaintiff to buy Dell products at a large discount and resell the products for a profit.[FN1] As a result of this arrangement, Plaintiff alleges it is the *only* entity permitted to sell Dell products in Alaska and that this exclusive relationship was intended to continue *indefinitely*.[FN2] Plaintiff further alleges that Defendants breached their contractual obligations by competing with Plaintiff and selling Dell computer products directly to customers in Alaska.

FN1. Clerk's Docket No. 28 at 3.

FN2. *Id.* (emphasis added).

In response, Defendants point to certain Remarketer Agreements and argue that language contained within these agreements authorizes Defendants and others to compete with Plaintiff for the sale of Dell products. Plaintiff, though, disputes the relevance of these agreements at this stage of the proceedings, as well as the validity of the Remarketer Agreements and argues that Defendants verbally agreed to attach an additional document to the Remarketer Agreements which would result in the termination of those agreements on November 17, 2000, when Plaintiff's master contract with the State ended.[FN3] Defendants disagree.

FN3. *Id.* at 6.

III. STANDARD OF REVIEW AND REMARKETER AGREEMENTS

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim should only be dismissed if " it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [FN4] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 1**

Slip Copy                                                                                                    Page 2

Slip Copy, 2005 WL 1713182 (D.Alaska)
**(Cite as: Slip Copy)**

facts alleged under a cognizable legal theory." [FN5] In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." [FN6] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." [FN7]

>   FN4. *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir.1997).
>
>   FN5. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990)).
>
>   FN6. *Vignolo,* 120 F.3d at 1077.
>
>   FN7. *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (*quoting Brian Clewer, Inc. v. Pan American World Airways, Inc .,* 674 F.Supp. 782, 785 (C.D.Cal.1986)).

Here Defendants have relied on certain Remarketer Agreements in responding to Plaintiff's claims. "[W]here a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court ordinarily must convert that motion into one for summary judgment under Rule 56 to give the plaintiff an opportunity to respond." [FN8]

>   FN8. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n. 4 (9th Cir.1998) (*citing Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2nd Cir.1991)).

*2 Where, however, an attached document is *integral* to the plaintiff's claims and its authenticity is not disputed, the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." [FN9]

>   FN9. *Id.* (*citing Pension Benefit Guar. Corp. v. White Consol. Industries, Inc.,* 998 F.2d 1192, 1196-97 (3rd Cir1993))(emphasis added).

Inasmuch as Plaintiff admits the Remarketer Agreements at issue are integral to its claims,[FN10] the Court concludes it is proper to consider the Remarketer Agreements in ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 28), despite the fact that Plaintiff did not plead Defendants' Remarketer Agreements.[FN11] Moreover, the Court concludes the Remarketer Agreements are "integral" to the parties' dispute because they constitute "the core of the parties' contractual relationship." [FN12] They are, therefore, subject to review in conjunction with Defendants' Rule 12(b)(6) Motion to Dismiss (Docket No 28).

>   FN10. *See* Clerk's Docket No. 32 at 18, wherein Plaintiff alleges certain oral agreements are enforceable against Defendants "as ... independent agreement[s] or as ... modification[s] to the 1998 Remarketer Agreements."
>
>   FN11. *Id.* at 4.
>
>   FN12. Clerk's Docket No. 34 at 4 n. 2 (*quoting Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431-32 (7th Cir.1993)). While the Court notes this case is not authoritative, it is particularly persuasive.

IV. DISCUSSION

A. The Remarketer Agreements Constitute Sufficient Grounds To Dismiss Plaintiff's Complaint.

A careful review of the pleadings reveals the Remarketer Agreements constitute sufficient grounds to dismiss Plaintiff's Second Amended Complaint (Docket No. 26). Indeed, Plaintiff concedes that if Defendants' Remarketer Agreements were literally enforced, they would permit Defendants to avoid responsibility for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2005 WL 1713182 (D.Alaska)
**(Cite as: Slip Copy)**

post-contract-date oral representations and oral agreements,[FN13] which constitute the crux of Plaintiff's claims.[FN14]

> FN13. Clerk's Docket No. 32 at 1.
>
> FN14. Plaintiff suggests, however, that the Remarketer Agreements are void contracts of adhesion. *Id.* at 8-11. "Under Texas law, 'adhesion' contracts are enforceable unless the contract is so oppressive that it is unconscionable." Clerk's Docket No. 34 at 5. "To show substantive unconscionability, a contract must be so unfair that 'no man in his senses and not under a delusion would enter into and ... no honest and fair person would accept' a contract on such terms." *Id.* (*citing Blount v. Westinghouse Credit Corp.,* 432 S.W.2d 549, 554 (Tex.App.1968)). Plaintiff has made no such showing and a review of the Remarketer Agreements reveals no such showing can be made. Additional briefing on the matter, therefore, is neither warranted nor necessary.

By way of background, the Court notes that the parties were governed by some form of Remarketer Agreement throughout the entirety of their relationship. On Jule 17, 1998, Plaintiff signed two new Remarketer Agreements, which are the subject of this dispute.[FN15] Under the terms of the new Remarketer Agreements, if there was no Schedule A, the agreements continue from year to year automatically renewing under Paragraph 2.1.[FN16] The Court notes that neither of these Remarketer Agreements had a "Schedule A" attached. *Consequently, by their own terms, the Remarketer Agreements continued in effect.* This is further verified by subsequent notices and amendments that were made to these agreements. On June 22, 2001, Plaintiff signed a written modification to the Remarketer Agreement granting additional discounts on the products that Plaintiff was continuing to purchase from the Defendants under that written agreement.[FN17] On September 24, 2002, Plaintiff modified the ownership conditions under the Remarketer Agreements by providing Defendants with a Notice of Material Change in Ownership "as required by the Remarketer/Integrator Agreement between us dated June 17, 1998." [FN18] And in late 2003 and continuing through much of 2004, Defendants provided Plaintiff with written extensions of its Remarketer Agreement.[FN19] Had the Remarketer Agreements expired in November 2000, as Plaintiff suggests, none of these documents would have been necessary.

> FN15. Clerk's Docket No. 28, Exhibits. A & B.
>
> FN16. Clerk's Docket No. 32 at 6.
>
> FN17. *Id.* (*citing* June 22, 2001 Modification to Remarketer Agreement, attached to Clerk's Docket No. 32 as Ex. C).
>
> FN18. *Id.* at 7 (*citing* September 24, 2002, Notice of Material Change in Ownership, attached to Clerk's Docket No. 32 as Ex. D).
>
> FN19. *Id.* (*citing* written extensions of Remarketer Agreement, attached to Clerk's Docket No. 32 as Ex. E).

B. The Parole Evidence Rule Prohibits Plaintiff from Relying on Allegations of Verbal Agreements.

*3 The Parole Evidence Rule "prohibits adding to, subtracting from, varying or contradicting the terms of a complete and unambiguous written contract through evidence of prior or contemporaneous agreements or negotiations." [FN20] Notwithstanding, Plaintiff argues Defendants verbally agreed to add an exhibit to the Remarketer Agreements at issue, which exhibit would purportedly have called for those Agreements to expire in November 2000.[FN21] No such exhibit has been proffered and the parole evidence rule prohibits the Court from imputing provisions to the contract that don't appear within the contract itself, especially in a case such as this where the agreement itself clearly does not permit oral modifications.[FN22]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN20. *Bosse v. Crowell Collier and Macmillan,* 565 F.2d 602, 609 (9th Cir.1977) (citation omitted).

FN21. Clerk's Docket No. 28 at 8 (citation omitted).

FN22. Remarketer Agreement §§ 22.1 and 22.14. Indeed, under the U.C.C., "a signed agreement which excludes modification or rescission except by a signed written contract cannot be otherwise modified or rescinded." *Id.* at 8 (*citing* U.S.S. § 2-209(2); Tex. Bus. & Com.Code § 2.209(2)).

### C. Given the Validity of the Remarketer Agreements and the Applicability of Texas Law, the Remainder of Plaintiff's Claims Fail to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's fraud claim is based upon conduct which is directly permissible under the express terms of the Remarketer Agreements. While Plaintiff alleges that Defendants orally promised that Plaintiff would be its exclusive seller and remarketer to Alaska public procurement units, the Remarketer Agreements plainly state the opposite.[FN23] And because Plaintiff could not reasonably have relied on representations so clearly inconsistent with its written contract and agreements, the Court concludes that Plaintiff cannot establish that it was the victim of fraud. The Court further notes, as pled by Defendants, that the alleged fraudulent misrepresentations made by Defendants occurred prior to the alleged termination of the Remarketer Agreements.[FN24]

FN23. Clerk's Docket No. 28 at 10.

FN24. *Id.* n. 7 (citation omitted).

Plaintiff subsequently brings a quantum meruit claim.[FN25] This claim fails because the Remarketer Agreements at issue constitute an express contract covering the services or goods in question.[FN26] Indeed, the services Plaintiff provided to promote the sales of Dell computers are covered by the Remarketer Agreements and have been so covered since at least 1998.[FN27] As a result, the Court further concludes Plaintiff cannot recover in quantum meruit for those services.[FN28]

FN25. Quantum meruit is:
An equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby; under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor.
Black's Law Dictionary 1243 (6th ed.1990) (citation omitted).

FN26. "[A] plaintiff can recover in quantum meruit when there is no express contract covering the services or goods in question." Clerk's Docket No. 32 at 16 ( *citing Truly v. Austin,* 744 S.W .2d 934, 936 (Tex.1988)).

FN27. *Id.*

FN28. *Id.*

Plaintiff's claim under the Alaska Unfair Trade Practices and Consumer Protection Act (AUTP-CPA) fails because the choice of law provisions in the Remarketer Agreements invoke Texas law.[FN29] Moreover, the Court notes Plaintiff's claims under the AUTP-CPA are precluded because Plaintiff cannot plead justifiable reliance on the alleged misrepresentations that are contradicted by the terms of the Remarketer Agreements.[FN30]

FN29. Were Plaintiff permitted to bring an unfair trade practices claim under Alaska law, the Court notes nine of Plaintiff's alleged violations of the AUTA-CPA are not found in the statute and would also likely fail.

FN30. Clerk's Docket No. 32 at 16 n. 11.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 5

Slip Copy, 2005 WL 1713182 (D.Alaska)
**(Cite as: Slip Copy)**

Plaintiff next alleges that Defendants tortiously interfered with its existing and prospective contracts with the Alaska Department of Administration Executive Branch Agencies (DoA).[FN31] This claim is also barred by the Remarketer Agreements. Indeed, because Defendants' contacts with DoA were justified under the terms of the Remarketer Agreement, Plaintiff cannot state a claim for tortious interference with its existing or prospective contracts. [FN32]

FN31. *Id.* at 19.

FN32. *Id.* at 20.

*4 Finally, Plaintiff argues it is entitled to consequential or punitive damages from Defendants. Because the Court concludes that Defendants have not done wrong in this matter, and because the damage limitation provisions in the Remarketer Agreements are both valid and enforceable, Plaintiff's claims for lost sales, lost profits, and punitive damages must fail.

IV. CONCLUSION

For the aforesaid reasons, and for additional reasons more carefully articulated within the applicable pleadings, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 28) is hereby GRANTED.

D.Alaska,2005.
Government Computer Sales, Inc. v. Dell Marketing, L.P., a Texas Ltd. Partnership
Slip Copy, 2005 WL 1713182 (D.Alaska)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.