Westlaw.

Not Reported in F.Supp.2d                                                          Page 1

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

**c**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
PINNACLE SYSTEMS, INC., a Delaware
corporation, Plaintiff,
v.
XOS TECHNOLOGIES, INC, a Florida
corporation, et al., Defendants.
XOS TECHNOLOGIES, INC., a Florida
corporation Counter-Plaintiff,
v.
PINNACLE SYSTEMS, INC., a Delaware
corporation, David Glover, Joe Walsh, Bob White,
Brian Zapach and Brett Hammond,
Counter-Defendants.
**No. C-02-03804-RMW.**

filed Aug. 6, 2002.
May 19, 2003.
last filing June 17, 2003.

Competitor sued sports teams software supplier,
alleging misappropriation of trade secrets. Supplier
counterclaimed, alleging false advertising, antitrust
violations, slander, and related torts. Competitor
moved to strike. The District Court, Whyte, J., held
that: (1) supplier failed to state claim that
competitor engaged in false advertising; (2) supplier
failed to state claim of intentional interference with
economic expectations; (3) supplier stated claim of
slander per se; (4) antitrust claim was stated; and
(5) court lacked personal jurisdiction over
employees of competitor.

Motion granted in part, denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A ☞773**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer

170AVII(C)3 Set-Offs, Counterclaims and
Cross-Claims
        170Ak772 Set-Offs
            170Ak773 k. Counterclaims. Most
Cited Cases
Counterclaims of sports teams software supplier,
charged with stealing trade secrets of competitor,
were timely when filed within ten days of written
order adopting tentative oral ruling denying motion
to dismiss, even though oral ruling was made more
than ten days prior to filing of counterclaim.
Fed.Rules    Civ.Proc.Rule    12(a)(4)(B)(A),    28
U.S.C.A.

**[2] Antitrust and Trade Regulation 29T ☞76**

29T Antitrust and Trade Regulation
    29TII Unfair Competition
        29TII(B) Actions and Proceedings
            29Tk74 Pleading
                29Tk76 k. Particular Cases. Most Cited
Cases
    (Formerly 382k870(1) Trade Regulation)

**Antitrust and Trade Regulation 29T ☞358**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and
Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)5 Actions
                29Tk356 Pleading
                    29Tk358 k. Particular Cases. Most
Cited Cases
    (Formerly 382k870(1) Trade Regulation)
Supplier of sports teams software did not state
claim that competitor engaged in false advertising,
under Lanham Act or California statute, by making
vague allegations that competitor's software was
superior, and that supplier's "editor lacks certain
characteristics." Lanham Trade-Mark Act § 43(a),
15 U.S.C.A. § 1125(a); West's Ann.Cal.Bus. &
Prof. Code § 17500.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 2**

Not Reported in F.Supp.2d                                                                      Page 2

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

**[3] Torts 379 ☜241**

379 Torts
    379III Tortious Interference
        379III(B) Business or Contractual Relations
            379III(B)2 Particular Cases
                379k241 k. Business Relations or
Economic Advantage, in General. Most Cited Cases
    (Formerly 379k10(3))
Supplier of sports teams software failed to state
claim that competitor's employees intentionally
interfered with supplier's economic expectancies,
under California law, when it failed to allege any
relationship with specific third person that was
interfered with.

**[4] Libel and Slander 237 ☜9(7)**

237 Libel and Slander
    237I Words and Acts Actionable, and Liability
Therefor
        237k9 Words Tending to Injure in Profession
or Business
        237k9(7) k. Merchants, Tradesmen, and
Manufacturers. Most Cited Cases
Supplier of sports teams software stated claim of
slander per se against competitor, under California
law, through allegations that competitor told
customers and potential customers that supplier was
in bad financial condition and would be going out
of business.

**[5] Antitrust and Trade Regulation 29T ☜577**

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(E) Particular Industries or Businesses
            29Tk577 k. Computer and Internet. Most
Cited Cases
    (Formerly 265k17.5(9.1))

**Antitrust and Trade Regulation 29T ☜601**

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(E) Particular Industries or Businesses
            29Tk601 k. Sports. Most Cited Cases
    (Formerly 265k17.5(9.1))
Supplier of sports teams software stated antitrust

claim that competitor tied availability of desired
product to purchase of non desired product, by not
allowing customer to acquire supplier's DVD burner
as auxiliary equipment instead of competitor's
product. Sherman Act §§ 1,2, as amended, 15
U.S.C.A. §§ 1,2.

**[6] Antitrust and Trade Regulation 29T ☜972(3)**

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and
Enforcement
        29TXVII(B) Actions
            29Tk972 Pleading
                29Tk972(2) Complaint
                    29Tk972(3) k. In General. Most
Cited Cases
    (Formerly 265k28(6.2))
Supplier of software for sports teams satisfied
requirement for antitrust suit against competitor,
that it allege relevant market, by alleging that
market was "sports video editing system," despite
claim by competitor that no equipment competed
with its product. Sherman Act §§ 1,2, as amended,
15 U.S.C.A. §§ 1,2.

**[7] Antitrust and Trade Regulation 29T ☜969**

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and
Enforcement
        29TXVII(B) Actions
            29Tk969 k. Jurisdiction and Venue. Most
Cited Cases
    (Formerly 265k28(3))

**Federal Courts 170B ☜76.25**

170B Federal Courts
    170BII Venue
        170BII(A) In General
            170Bk76 Actions Against Non-Residents;
"Long-Arm" Jurisdiction in General
            170Bk76.25 k. Tort Cases. Most Cited
Cases
    (Formerly 382k870(1) Trade Regulation)

**Federal Courts 170B ☜76.35**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 3

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

170B Federal Courts
    170BII Venue
        170BII(A) In General
            170Bk76 Actions Against Non-Residents;
"Long-Arm" Jurisdiction in General
            170Bk76.35 k. Other Particular Types
of Cases. Most Cited Cases
    (Formerly 382Bk870(1) Trade Regulation)
Failure to show sufficient contacts between
employees of sports teams' software supplier's
competitor and state of California precluded
assertion of personal jurisdiction over employees, in
suit alleging false advertising, antitrust violations,
slander, and related torts. U.S.C.A. Const.Amend. 5
.

Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty Pinnacle
Systems, Inc. (pla).
Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty Bob White
(cd).
Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty Brett
Hammond (cd).
Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty Brian Zapach
(cd).
Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty David Glover
(cd).
Michael J. Bettinger, Preston Gates & Ellis LLP,
San Francisco, CA, representing pty Joe Walsh (cd).
William H. Cantwell, O'brien Riemenschneider,
PA, Melbourne, FL, representing pty XOS
Technologies, Inc. (dft).
Elaine Y. Chow, Preston Gates Ellis LLP, San
Francisco, CA, representing pty Pinnacle Systems,
Inc. (pla).
Rachel R. Davidson, Preston Gates & Ellis, San
Francisco, CA, representing pty Pinnacle Systems,
Inc. (pla).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Michael
Christianson (dft).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty XOS
Technologies, Inc. (dft).

Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Dan Aton
(dft).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Jeffrey
Carpenter (dft).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Randy
Eccker (dft).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Spencer
Miller (dft).
Thomas R. Hogan, Law Offices of Thomas R.
Hogan, San Jose, CA, representing pty Steve Schutt
(dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty XOS Technologies, Inc. (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Dan Aton (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Jeffrey Carpenter (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Randy Eccker (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Spencer Miller (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Steve Schutt (dft).
Michael R. Riemenschneider, O'brien
Riemenschneider, PA, Melbourne, Fl, representing
pty Michael Christianson (dft).
Timothy P. Walker, Preston Gates Ellis LLP, San
Francisco, CA, representing pty Pinnacle Systems,
Inc. (pla).
Timothy P. Walker, Preston Gates Ellis LLP, San
Francisco, CA, representing pty Bob White (cd).
Timothy P. Walker, Preston Gates Ellis LLP, San
Francisco, CA, representing pty Brett Hammond
(cd).
Timothy P. Walker, Preston Gates Ellis LLP, San
Francisco, CA, representing pty Brian Zapach (cd).
Timothy P. Walker, Preston Gates Ellis LLP, San
Francisco, CA, representing pty David Glover (cd).
Timothy P. Walker, Preston Gates Ellis LLP, San

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 4

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Francisco, CA, representing pty Joe Walsh (cd).

ORDER DENYING PINNACLE'S MOTION TO
STRIKE ANSWER AND COUNTERCLAIMS;
GRANTING IN PART AND DENYING IN PART
PINNACLE'S MOTIONS TO DISMISS
COUNTERCLAIMS FOR FAILURE TO STATE
A CLAIM; AND GRANTING PINNACLE
EMPLOYEES' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION
WHYTE, J.

[Re Docket Nos. 71, 73]

**\*1** On May 2, 2003 the court heard a motion to
strike defendants' answer, and strike or dismiss
XOS's counterclaims filed on behalf of plaintiff and
counter-defendant Pinnacle Systems, Inc. ("Pinnacle
") and a motion to dismiss for lack of personal
jurisdiction, lack of subject matter jurisdiction and
failure to state a claim filed on behalf of
counter-defendants David Glover, Joe Walsh, Bob
White, Brian Zapach and Brett Hammon ("Pinnacle
employees"). For the reasons set forth below, the
court denies Pinnacle's motion to strike, grants in
part and denies in part Pinnacle's motion to dismiss
for failure to state a claim, and grants Pinnacle
employees' motion to dismiss for lack of personal
jurisdiction.

I. BACKGROUND

A. Factual Background

Pinnacle develops, markets, licenses, and sells a
Macintosh based and Windows PC based version of
the SportsPro network to professional and collegiate
sports teams throughout the country. The Sports Pro
network consists of a software program which
enables coaches and players to access, annotate,
edit, share and print video of game sequences and
plays. The software and video data are accessed
through workstations. The video data is stored in a
specially configured Oracle database located on a
specially configured central server. The SportsPro
network was originally designed by Avid Sports
Inc. and its predecessors ("Avid"). Pinnacle

purchased all of the stock of Avid and renamed the
company Pinnacle Systems Team Sports, a division
of Pinnacle Systems. Avid, or Pinnacle Systems
Team Sports as it is now called, is a wholly owned
subsidiary of Pinnacle.

XOS, serves the same market as Pinnacle. During
1999 and 2000, XOS began developing and
marketing products for the sports industry. During
2001 and 2002, XOS developed the "XOS Sports
Station" in order to compete directly with Pinnacle's
SprotsPro product. Several XOS employees were at
one time employed by either Avid or Pinnacle.

B. Procedural Background

Pinnacle Systems Inc. ("Pinnacle") filed its original
complaint in this case on August 6, 2002, alleging
that XOS Technologies, Inc. ("XOS") and several
individually named XOS employees, including Dan
Aton, Randy Eccker, Spencer Miller, Steve Schutt,
and Jeffrey Carpenter were misappropriating
Pinnacle's trade secrets. On October 30, 2002,
Pinnacle filed an amended complaint. On January
31, 2003, the court heard a motion to dismiss for
lack of personal jurisdiction filed by the
individually named XOS employees. On February
13, 2002 the court issued an order denying the
motion to dismiss as to all of the individually named
defendants except Schutt. The court granted the
motion to dismiss as to Schutt. On February 14,
2003, XOS filed an *ex parte* application with the
court requesting more time to file an answer to the
amended complaint. The court did not rule on the *ex
parte* application. On February 24, 2003, XOS filed
an answer and a seven count counterclaim that
added five individually named Pinnacle
employees-David Glover, Joe Walsh, Bob White,
Brian Zapach, and Brett Hammon.

**\*2** XOS's counterclaim includes claims for (1) false
advertising in violation of the Lanham act, 15
U.S.C. § 1125(a), against Pinnacle and the Pinnacle
employees; (2) anticompetitive conduct in violation
of § 1 of the Sherman Act, 15 U.S.C. § 1, against
Pinnacle; (3) anticompetitive conduct in violation of
§ 2 of the Sherman Act, 15 U .S.C. § 2, against
Pinnacle; (4) slander *per se* in violation of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 5

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

California Civil Code § 46 against Pinnacle and the Pinnacle employees; (5) false advertising in violation of California's Business and Professions Code § 17500, et seq., against Pinnacle and the Pinnacle employees; (6) unfair competition in violation of California's Business and Professions Code § 17200, et seq., against Pinnacle and the Pinnacle employees; and (7) intentional interference with economic expectancy against Pinnacle and the Pinnacle employees.

Pinnacle now moves to strike XOS's answer and counterclaims as untimely and, alternatively, to dismiss XOS's counterclaims for failure to state a claim pursuant to Rule 12(b)(6). The Pinnacle employees now move to dismiss XOS's counterclaims for lack of personal jurisdiction, failure to state a claim, and lack of subject matter jurisdiction.

### C. XOS'S Allegations

In support of its counterclaims, XOS alleges that Pinnacle and the Pinnacle employees adopted a corporate policy to destroy XOS and prevent it from entering the marketplace as a competitor. XOS alleges that this policy is manifest in the following ways.

### 1. False Advertising

According to XOS, Pinnacle authorized the preparation and use of a competitive analysis of the nature, characteristics and capabilities of the SportsPro system versus the XOS Sports Station and used this analysis to market and sell its products. More specifically, XOS alleges that, in its marketing efforts, Pinnacle falsely advertised that XOS's products are inferior to Pinnacle's SportsPro system and that XOS's editor lacks certain characteristics and capabilities which it, in fact, has.

### 2. Antitrust Violations

XOS alleges that before XOS developed a competing product, there were no other products

competitive or interchangeable with Pinnacle's SprotsPro product in the relevant market. According to XOS, the cost of a SportsPro system ranges from $25,000 to $1 million, depending on the extent and nature of the system. As a result of the substantial cost of the product, the market of potential customers is limited to professional sports teams and Division I-A male college sports teams with sufficient funding. According to XOS, before XOS developed its competing product, more than 80% of the relevant market used Pinnacle's SportsPro product.

XOS further alleges that Pinnacle is abusing its monopoly power in two ways. First, Pinnacle is illegally tying its SportsPro software to products and services in different markets. According to XOS, Pinnacle uses its monopoly on video editing software to coerce customers into buying computer hardware, "add-on" hardware components, and service contracts from Pinnacle. Second, Pinnacle is engaged in exclusionary and anticompetitive conduct, including the conduct alleged in the other causes of action, to maintain the monopoly it enjoys for its SportsPro product.

### 3. Slander *Per Se*

**\*3** XOS alleges that Pinnacle and the Pinnacle employees made slanderous and disparaging comments to XOS's customers and potential customers including statements that XOS does not pay its creditors; that XOS is in financial trouble; that XOS will be bankrupt soon; that XOS is going out of business; and that XOS will not be around long enough to service its products.

### 4. Intentional Interference With Economic Expectancy

XOS does not identify any specific economic expectancies that it lost as a result of Pinnacle's or the Pinnacle employees' conduct. XOS alleges that it has existing business relationships with " professional sports organizations and collegiate athletic departments" and that Pinnacle and the Pinnacle employees knew about and intentionally

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

interfered with these business relationships.

### 5. Personal Jurisdiction Over Individually Named Pinnacle Employees

XOS's counterclaims do not contain any allegations regarding whether the court has personal jurisdiction over the individually named Pinnacle Employees. However, in support of its opposition, XOS has provided declarations from XOS employees Jeffrey Carpenter, Randy Eccker and Spencer Miller in which the following facts are asserted:

#### a. David Glover

David Glover is General Manager for Pinnacle Team Sports and reports directly to Pinnacle's principal place of business in Mountain View, California. Glover has frequently traveled to and corresponded with the Mountain View, California office. Additionally, Glover has traveled to California for industry conferences and events.

#### b. Joe Walsh

Joe Walsh is the Director of Sales at Pinnacle and is responsible for all Pinnacle sales personnel including those assigned to teams in California. Walsh's position requires him to call upon these California teams by telephone, electronic mail and personal visits. Additionally, prior to working for Pinnacle, Walsh sold sports editing equipment to a California based professional football team.

#### c. Bob White

Bob White is Pinnacle's Sales Manager for all accounts with NFL football teams. White is personally responsible for, and thus must call upon, all of Pinnacle's accounts with NFL teams in California.

#### d. Brian Zapach

Brian Zapach is in charge of Customer Service and Support for Pinnacle. On numerous occasions Zapach has communicated over the telephone with and visited Pinnacle's California customers.

#### e. Brett Hammond

Brett Hammond is the Pinnacle sales representative serving the western part of the United States, including California. Hammond manages the accounts for every NCAA Division I-A college football team in California.

### II. ANALYSIS

### A. Motion to Strike

Pinnacle contends that XOS's answer, affirmative defenses and counterclaims were filed late and, thus, should be stricken. Pinnacle argues that XOS had notice on January 31, 2003 that its motion to dismiss was denied. Under Fed. R. Civ. Pro. 12(a)(4)(A), XOS had 10 days, until February 10, 2003, to file its answer. Because it filed its answer and counterclaims on February 14, 2003, XOS was late. Additionally, Pinnacle argues that XOS's answer contains improper blanket denials; that many of XOS's affirmative defenses have already been decided by the court; and that XOS should be precluded from filing counterclaims because it has not, before this point, informed Pinnacle or the court about its intent to bring new parties and new issues into the case. Pinnacle's motion to strike is without merit.

#### 1. Timeliness

*4 [1] XOS's answer and counterclaims are not untimely. Under Rule 12(a)(4)(B)(A) a party has 10 days to serve an answer after receiving notice that the court has denied the party's motion to dismiss. In this case the relevant facts are as follows. On January 31, 2003 the court held a hearing on XOS's motion to dismiss Pinnacle's amended complaint. XOS's counsel failed to attend the hearing at the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 7

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

appointed time. However, the court contacted XOS's counsel by telephone and both parties agreed to adopt the court's tentative ruling, which denied the motion to all except defendant Schutt. According to the court's minute entry, which was filed on February 3, 2003, the court was to send out a ruling. The court issued an order adopting the tentative ruling on February 13, 2003.

It seems clear that a court may provide parties notice of an order by orally adopting a tentative ruling. *See Yourish v. California Amplifier,* 191 F.3d 983, 988, n. 7. (9th Cir.1999) (court's oral adoption of tentative ruling as order granting motion to dismiss gave parties notice and started clock running on time to amend). However, in this case, the record indicates that while the parties agreed to the adoption of the tentative ruling, the court did not, orally, make this its order on the motion. The record reveals that the court intended to and did issue an order subsequent to the hearing. Thus, the clock started running on XOS's time to file an answer on February 13, 2003, the day the court issued its ruling on XOS's motion to dismiss. XOS's answer and counterclaims are, therefore, timely. Moreover, even if XOS had notice of the court's order at the hearing and, thus, filed its answer and counterclaims late, the court would still deny Pinnacle's motion to strike because, one, XOS's confusion as to when the order was actually issued is a sufficient excuse for filing late and, two, Pinnacle has not been prejudiced in any way by XOS's late filing.

### 2. Other Grounds

Pinnacle's remaining arguments do not warrant an order striking XOS's answer, affirmative defenses or counterclaims. Rule 12(f) allows the court to strike any "redundant, immaterial, impertinent or scandalous" matters in a pleading. *Employers Ins. of Wausau,* 871 F.Supp. 381, 391 (S.D.Cal.1994). However, motions to strike are disfavored and are not the proper vehicle to dismiss a claim for failure to state claim for relief. *Id.; Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991). While a motion to strike may be used to attack affirmative defenses, courts will only

strike defenses that are insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982); *S.E.C. v. Toomey,* 866 F.Supp. 719, 721-22 (S.D.N.Y.1992).

Pinnacle has not argued nor established that XOS's answer is "immaterial, impertinent or scandalous." XOS's answer admits some allegations and denies the rest. Ostensibly, this is sufficient under Rule 8(b). To the extent that Pinnacle contends that XOS's answer is deficient, it should address that in a motion under Rule 12(b).

*5 Likewise, Pinnacle has not established that XOS's affirmative defenses are insufficient as a matter of law. Pinnacle has pointed out that some of XOS's affirmative defenses, such as XOS's claim that the individually named defendants are not subject to the personal jurisdiction of the court, are based on theories that the court already ruled on in its January 31, 2003 order granting in part and denying in part XOS's motion to dismiss. However, in denying XOS's motion to dismiss, the court did not rule on the legal sufficiency of XOS's theories, it merely determined that after accepting the allegations in Pinnacle's complaint as true, Pinnacle's complaint set forth a sufficient factual basis to establish personal jurisdiction. There are still factual and legal questions on this point that XOS may, ultimately, resolve in its favor.

Furthermore, Pinnacle has cited no authority in support of its argument that XOS should be precluded from bringing counterclaims because it should have brought them up during the case management conference but failed to do so. [FN1]

> FN1. Pinnacle filed a sur-reply and exhibit in support of this point on May 12, 2003. However, the court finds that this filing is improper and will not consider it. Pinnacle filed its sur-reply after the matter was submitted and without leave of court. Moreover, the substance of Pinnacle's late filing does not alter the court's decision on the merits.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 8

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

B. Motion to Dismiss for Failure to State a Claim

Pinnacle also argues that XOS's counterclaims should be dismissed for failure to state a claim. The court agrees with Pinnacle as to XOS's claims for false advertising and intentional interference with economic advantage but disagrees with Pinnacle as to XOS's antitrust claims and state claims for slander *per se* and unfair competition.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. In a Rule 12(b)(6) motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir.1994). Dismissal is appropriate only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, it is not proper for the court to assume that the plaintiff can prove facts which he or she has not alleged. *Anthony v. County of Sacramento, Sheriff's Dept.*, 845 F.Supp. 1396, 1399 (E.D.Cal.1994) (quoting *Associated General Contractors v. California State Council*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)); *see also In re Verifone Sec. Lit.*, 11 F.3d 865, 868 (9th Cir.1993) ( "[U]nwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

1. False Advertising

[2] XOS makes claims against Pinnacle and the Pinnacle employees for false advertising pursuant to the Lanham Act and Business and Professions Code section 17500. Both of these claims are based on XOS's allegations that Pinnacle and the Pinnacle employees stated that "XOS's products are inferior to Pinnacle's SportsPro system," and that the "XOS editor lacks certain characteristics."

A Lanham Act false advertising claim requires a " false statement of fact." *Cook v. Northern California Collection Service Inc.*, 911 F.2d 242, 244 (9th Cir.1990). So does a § 17500 claim. *See*

*Atari Corp. v. The 3DO Co.*. 1994 WL 723601, *3 (N.D.Cal.) (citing *Keith v. Buchanan*, 173 Cal.App.3d 13, 21, 220 Cal.Rptr. 392 (1985)). Puffery, however, cannot form the basis of the claim. *Id.* at *2, 220 Cal.Rptr. 392. Puffery in advertising involves claims that are either vague or highly subjective. *Cook*, 911 F.2d at 246. Puffing involves "outrageous generalized statements, not making specific claims, that are so exaggerated to preclude reliance by consumers." *Id.* "The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assumptions." *Id.* However, " misdescriptions of specific or absolute characteristics of a product are actionable." *Id.*

*6 In this case, the statements contained in XOS's counterclaims are not sufficient to state a false advertising claim. A statement that XOS's products are "inferior" is vague, generalized, and just the sort of outrageous statement consumers expect in advertising. Likewise, a nonspecific statement that XOS's products "lack certain characteristics" that Pinnacle's products provide constitutes the same type of generalized boasting of superiority typical of puffing. If XOS had alleged that Pinnacle employees made false statements about specific or absolute characteristics of XOS's product then perhaps it would have a claim. However, as they stand now, XOS's pleadings do not include such allegations.

Moreover, XOS's allegations are not sufficient to raise an inference that the Pinnacle employee's made the alleged statement in the context of " commercial advertising or promotion." *Coastal Abstract Service, Inc. v. First Amer. Title Ins. Co.*, 173 F.3d 725, 734-35 (9th Cir.1999). There are no allegations as to when or to whom or under what circumstances such statements were made. There are no facts alleged in the counterclaim that indicate that the alleged statements were anything more than isolated remarks by individuals in their personal capacities. XOS may be correct that even a single statement to a single customer in a small market can constitute a Lanham act violation, but XOS has failed to allege even this.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 9

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

### 2. Intentional Interference with Economic Expectancy

[3] Likewise XOS's claims that Pinnacle and the Pinnacle employees intentionally interfered with XOS's economic expectancies fails to state a claim. The elements of the tort of intentional interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts of the part of the defendant designed to disrupt the relationship (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korean Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1143, 1153 (2003). For the third element, the plaintiff must plead that the defendant's acts are wrongful apart from the interference itself. *Id.*

XOS claim for intentional interference is devoid of relevant factual allegations. XOS's claim includes generalized legal and factual conclusions that track the elements of the tort but provides no specific factual basis for its claim. XOS has not alleged any facts that support its conclusion that XOS had a economic relationship with a third party or that Pinnacle knew about and intentionally disrupted that relationship. XOS's allegations that Pinnacle's conduct reached the "market" and its "potential customers" are not sufficient. In order to state a claim, XOS must allege that it had a relationship with and expected to receive an economic benefit from a specific third party. *See Lin v. Universal Card Services Corp.,* 238 F.Supp.2d 1147, 1150 (" [on motion to dismiss] the Court will not accept wholly conclusory allegations."). XOS's counterclaims do not contain such an allegation.

### 3. Slander *Per Se*

\*7 [4] XOS's claim for slander *per se,* however, is sufficient to state a claim. Slander *per se* requires the intentional publication, orally uttered, of a statement of fact that is false and that
tends to injure [the victim] in respect to his office, profession, trade or business, either by imputing to

him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office profession, trade, or business that has a natural tendency to lessen its profits.

Cal. Civ.Code § 46(3); *see also Smith v. Maldonado,* 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999). XOS alleges that the Pinnacle employees made false statements to its customers and potential customers that disparaged XOS's professional reputation. Some of the alleged statements include that XOS does not pay its creditors; that XOS is in financial trouble; that XOS will be bankrupt soon; that XOS is going out of business; and that XOS will not be around long enough to service its products. Many of these statements are actionable either as statements of fact or statements of opinion that imply a basis in fact. *See Ringler Ass's v. Maryland Casualty,* 80 Cal.App.4th 1165, 1181, 96 Cal.Rptr.2d 136 (2002) . As such, plaintiffs' allegations of slander are sufficient to state a claim.

### 4. Antitrust Claims

[5] Pinnacle attacks XOS's antitrust claims with two arguments. First, Pinnacle asserts that XOS lacks standing to pursue its tying claim because XOS does not compete in the market for the tied product. Second, Pinnacle contends that XOS's allegations of the relevant market, an essential allegation for antitrust claims, is insufficient. Neither argument has merit.

First, XOS has standing to pursue its tying claim because it alleges that it is also in the market for at least one of the allegedly "tied" products. *See Consolidated Terminal Systems, Inc. v. ITT World Comm., Inc.,* 535 F.Supp. 225, 230-31 (S.D.N.Y.1982). XOS alleges that it attempted to sell to Pinnacle's customers DVD burners, an " add-on" computer hardware component, but that Pinnacle prevented its customers from purchasing hardware from XOS by threatening to cancel the customers' software licences and service agreements. Under the very case law Pinnacle relies on in its motion, XOS's allegations are sufficient to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

establish standing for its tying claim. *See id.*

[6] Second, XOS's allegations of the relevant market are sufficient to survive the pleading stage. In order to survive a motion to dismiss, "the alleged product market must (1) include all products reasonably interchangeable, determination of which requires consideration of cross-elasticity of demand; and (2) be plausible." *Intellective, Inc. v. Massachusetts Mut. Life Ins. Co.,* 190 F.Supp.2d 600, 609 (S.D.N.Y.2000). XOS alleges that besides its own product there are no other competing or interchangeable products in the market. And that because of the cost of the systems, the market is limited to professional sports teams and top tier college athletic programs. While XOS may not be right, its allegations are at least plausible. It does not seem unreasonable that those in the market for a "sports video editing system" would not consider analog tape splicing or generally available software or consumer electronics as comparable to a customized, integrated, state of the art digital video editing system.

### C. Pinnacle Employees' Personal Jurisdiction

*8 [7] XOS has failed to make sufficient factual allegations or put forward evidence establishing personal jurisdiction over the individually named Pinnacle employees.

When defendant brings a motion challenging the court's jurisdiction, the plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir.1984). Plaintiff needs to make a prima facie showing that personal jurisdiction exists. *Data Disc., Inc. v. Sys. Tech. Assoc.,* 557 F.2d 1280, 1285 (9th Cir.1977). In this case, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *WNS. Inc. v. Farrow,* 884 F.2d 200, 203-04 (5th Cir.1989).

California's long arm statute grants "[a] court of this state ... jurisdiction on any basis not inconsistent

with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10 (West 1998). The effect of this statute is to allow state courts, as well as federal courts, to exercise personal jurisdiction on any basis consistent with federal due process. *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395, 398 (9th Cir.1981). Therefore, the inquiry in California is collapsed to whether jurisdiction is consistent with the demands of due process.

Absent a traditional basis for jurisdiction-such as in-state presence, domicile, or consent-due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There are two types of jurisdiction which meet the minimum contacts requirement. The first is general jurisdiction. If a defendant is domiciled in the forum state, or its activities there are "substantial, continuous and systematic," a federal court may exercise jurisdiction as to any cause of action, even if unrelated to the defendant's activities within the state. *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952). However, even if a nonresident defendant's contacts with the forum state are not sufficiently " continuous and systematic" for general jurisdiction, it may still be subject to jurisdiction on claims related to its activities or contacts there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). This form of personal jurisdiction is known as specific jurisdiction.

The Ninth Circuit applies a three part test to determine if a defendant's activities are sufficiently related to the forum state to establish limited personal jurisdiction: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 11

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

*Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995). The issue before the court is whether specific jurisdiction exists over the individual defendants.

**\*9** In this case, XOS's allegations are insufficient to establish either general or specific jurisdiction over any of the individually named Pinnacle employees. XOS has provided some evidence that each of the Pinnacle employees has had some contact with California. However, the contacts XOS alleges are not "systematic and continuos" enough to establish general jurisdiction and do not show that any of its claims arise out of or result from the Pinnacle employees' contacts with the state. As such, XOS has failed to meet its burden and the Pinnacle employees' must be dismissed from this action.

### III. ORDER

For the foregoing reasons, the court grants in part and denies in part defendants' motions as follows:

1. Pinnacle's motion to strike is denied;

2. Pinnacle's motion to dismiss is denied as to XOS's slander, antitrust, and unfair business practices claims;

3. XOS's false advertising and intentional interference with economic expectancy claims are dismissed with 20 days leave to amend;

4. XOS's claims against the Pinnacle employees are dismissed without prejudice.

N.D.Cal.,2003.
Pinnacle Systems, Inc. v. XOS Technologies, Inc.
Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 3669102 (Trial Motion, Memorandum and Affidavit) Pinnacle's Reply Brief in Support of Motion for New Trial (Mar. 26, 2004) Original Image of this Document (PDF)
• 2004 WL 3669101 (Trial Motion, Memorandum

and Affidavit) XOS Technologies, Inc.'s Opposition to Pinnacle's Motion for New Trial (Mar. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3669100 (Trial Motion, Memorandum and Affidavit) Plaintiff's Revised Trial Brief (Jan. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3669098 (Trial Motion, Memorandum and Affidavit) Defendants' Objections to Plaintiff's Corrected Trial Exhibit List (Jan. 12, 2004) Original Image of this Document (PDF)
• 2004 WL 3669099 (Trial Motion, Memorandum and Affidavit) Defendants' Objections to Plaintiff's Amended Designation of Deposition Excerpts to be Used at Trial (Jan. 12, 2004) Original Image of this Document (PDF)
• 2003 WL 24240670 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Pinnacle's List of Documents Relied Upon for Lost Profits Damages (Nov. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240671 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Pinnacle's Specific List of Trade Secrets for Trial (Nov. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240669 (Trial Motion, Memorandum and Affidavit) Defendants' Opposition to Pinnacle's Motion in Limine to Exclude Expert Testimony (Oct. 27, 2003) Original Image of this Document (PDF)
• 2003 WL 24240668 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Opposition to Plaintiff's Motion to Dismiss Second Amended Counterclaim (Oct. 17, 2003) Original Image of this Document (PDF)
• 2003 WL 24240667 (Trial Motion, Memorandum and Affidavit) Pinnacle's Reply to Defendants' Response to Trade Secret List (Oct. 15, 2003) Original Image of this Document (PDF)
• 2003 WL 24240491 (Trial Pleading) Defendants' Answer and Defenses to Plaintiff's Second Amended Complaint and Second Amended Counterclaim (Oct. 9, 2003) Original Image of this Document (PDF)
• 2003 WL 24240666 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Pinnacle's List of Trade Secrets for Trial (Oct. 9, 2003) Original Image of this Document (PDF)
• 2003 WL 24240490 (Trial Pleading) Second Amended Complaint for Injunctive Relief and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 12

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Damages for Misappropriation of Trade Secrets and Unfair Business Practices (Sep. 29, 2003) Original Image of this Document (PDF)
• 2003 WL 24240665 (Trial Motion, Memorandum and Affidavit) Pinnacle's Objections to Defendants' Designation of Deposition Excerpts to be Used at Trial (Sep. 19, 2003) Original Image of this Document (PDF)
• 2003 WL 24240664 (Trial Motion, Memorandum and Affidavit) Defendants' Opposition to Pinnacle's Motion to Voluntarily Dismiss Claims (Sep. 16, 2003) Original Image of this Document (PDF)
• 2003 WL 24240663 (Trial Motion, Memorandum and Affidavit) Motion in Limine as to Damages (Sep. 8, 2003) Original Image of this Document (PDF)
• 2003 WL 24240662 (Trial Motion, Memorandum and Affidavit) Plaintiff's Trial Brief (Sep. 5, 2003) Original Image of this Document (PDF)
• 2003 WL 24240489 (Trial Pleading) Defendants' Answer, Defenses and Second Amended Counterclaim (Sep. 2, 2003) Original Image of this Document (PDF)
• 2003 WL 24240661 (Trial Motion, Memorandum and Affidavit) XOS' Opposition to Pinnacle's Motion to Compel Compliance with this Court's Order and Production of Financial Documents, to Prevent XOS from Obstructing Third-Party Discovery and for Sanctions (Aug. 11, 2003) Original Image of this Document (PDF)
• 2003 WL 24240659 (Trial Motion, Memorandum and Affidavit) Pinnacle Employees' Reply in Support of Their Motion to Dismiss Due to Res Judicata and for Lack of Personal Jurisdiction. (Jul. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240660 (Trial Motion, Memorandum and Affidavit) Pinnacle's Reply in Support of Motion to Dismiss XOS's Amended Counterclaim (Jul. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240658 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Opposition to Pinnacle's Motion to Compel Production of Source Code and Electronic Documents (Jul. 14, 2003) Original Image of this Document (PDF)
• 2003 WL 24240656 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Opposition to Pinnacle Employees' Motion to Dismiss Due to Res Judicata and for Lack of Personal Jurisdiction

(Jul. 11, 2003) Original Image of this Document (PDF)
• 2003 WL 24240657 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Opposition to Pinnacle's Motion to Dismiss XOS' First Amended Counterclaim (Jul. 11, 2003) Original Image of this Document (PDF)
• 2003 WL 24240655 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Reply to Pinnacle's Opposition to XOS' Motion to Compel Production of Documents (Jul. 7, 2003) Original Image of this Document (PDF)
• 2003 WL 24240488 (Trial Pleading) Defendants' Answer, Defenses and First Amended Counterclaim (Jun. 6, 2003) Original Image of this Document (PDF)
• 2003 WL 24240653 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Reply to Pinnacle's Opposition to Defendants' ÝSic¨ Motion to Compel Better Answers to Interrogatories (Jun. 4, 2003) Original Image of this Document (PDF)
• 2003 WL 24240654 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Reply to Pinnacle's Opposition to Defendants' ÝSic¨ Motion to Compel More Complete Disclosures (Jun. 4, 2003) Original Image of this Document (PDF)
• 2003 WL 24240652 (Trial Motion, Memorandum and Affidavit) Pinnacle's Opposition to Defendants' Motion to Compel Better Answers to Interrogatories (May 28, 2003) Original Image of this Document (PDF)
• 2003 WL 24240650 (Trial Motion, Memorandum and Affidavit) Reply in Support of Pinnacle's Motion to Strike Defendants' Answer, and Strike or Dismiss XOS' Counterclaims (Apr. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240651 (Trial Motion, Memorandum and Affidavit) Reply in Support of Pinnacle Employees' Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim (Apr. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 24240648 (Trial Motion, Memorandum and Affidavit) Defendants' Opposition to Plaintiff's Motion to Strike Defendants' Answer, and Strike or Dismiss Xos' Counterclaims (Apr. 11, 2003) Original Image of this Document (PDF)
• 2003 WL 24240649 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Opposition

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 13

Not Reported in F.Supp.2d, 2003 WL 21397845 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

to Individual Pinnacle Employees' Motion to Dismiss for Lack of Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim (Apr. 11, 2003) Original Image of this Document (PDF)
• 2003 WL 24240487 (Trial Pleading) Defendants' Answer, Defenses and Counterclaim (Feb. 24, 2003) Original Image of this Document (PDF)
• 2003 WL 24240647 (Trial Motion, Memorandum and Affidavit) Pinnacle's Opposition to Defendants' Motions to Dismiss the First Amended Complaint, or in the Alternative, to Transfer the Action Pursuant to ¢y28 U.S.C.| 1404(a)¢y¢ r;0001;;LQ;28USCAS1404;1000546;¢ (Jan. 10, 2003) Original Image of this Document (PDF)
• 2002 WL 32961785 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Pinnacle's Motion to Enjoin Xos Technologies, Inc. and Its Employees from Misappropriating Pinnacle's Trade Secrets (Nov. 14, 2002) Original Image of this Document (PDF)
• 2002 WL 32961784 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Plaintiff's Motion to Enjoin XOS Technologies, Inc. and Its Employees (Nov. 6, 2002) Original Image of this Document (PDF)
• 2002 WL 32961783 (Trial Motion, Memorandum and Affidavit) First Amended Complaint for Injunctive Relief and Damages for False Designation of Origin; False Advertising; Misappropriation of Trade Secrets; Interference with Contractual Relations; and Unfair Business Practices (Oct. 30, 2002) Original Image of this Document (PDF)
• 2002 WL 32961782 (Trial Motion, Memorandum and Affidavit) Defendant Michael Christianson's Memorandum of Law in Support of His Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue and His Motion to Dismiss for Failure to State a Claim and to Transf er the Action Pursuant to ¢y28 U.S.C. |1404(a)¢y¢ r;00001;;LQ;28USCAS1404;1000546;¢r (Oct. 4, 2002) Original Image of this Document (PDF)
• 2002 WL 32961780 (Trial Motion, Memorandum and Affidavit) XOS Technologies, Inc.'s Memorandum of Law in Support of its Motion to Dismiss for Failure to State a Claim and to Transfer the Action Pursuant to ¢y28 U.S.C. |1404(a)¢y¢

r;00001;;LQ;28USCAS1404;1000546;¢r (Oct. 1, 2002) Original Image of this Document (PDF)
• 2002 WL 32961781 (Trial Motion, Memorandum and Affidavit) Individual Defendants' Memorandum of Law in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue and Their Motion to Dismiss for Failure to State a Claim and to Transfer the Action Pursuant to ¢y28 U.S.C. |1404(a)¢y¢r;00001;;LQ;28USCAS1404;1000546;¢ r (Oct. 1, 2002) Original Image of this Document (PDF)
• 5:02cv03804 (Docket) (Aug. 06, 2002)
• 2002 WL 32961786 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Pinnacle's Opposition to Motions to Dismiss the First Amended Complaint or in the Alternative, to Transfer the Action Pursuant to ¢y28 U.S.C. | 1404(a)¢y¢r;00001;;LQ;28USCAS1404;1000546;¢ r (2002) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.