Westlaw.

Slip Copy                                                                                                         Page 1

Slip Copy, 2006 WL 1418906 (W.D.Wash.)
**(Cite as: Slip Copy)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington, at Tacoma.
Scott R. WESSA and Kim Wessa, husband and wife, Plaintiffs,
v.
WATERMARK PADDLESPORTS, INC., a Delaware corporation; Yakima Products, Inc., a Delaware corporation; and John Does and Jane Does 1 through X, Defendants.
**No. C06-5156 FDB.**

May 22, 2006.

Donald Gene Grant, Grant & Elcock, Vancouver, WA, for Plaintiffs.
Steven M. Wilker, Tonkon Torp, Portland, OR, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CAUSES OF ACTION FOR FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION
FRANKLIN D. BURGESS, District Judge.
*1 This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' causes of action for fraudulent inducement and negligent misrepresentation pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the claims of fraudulent inducement and negligent misrepresentation for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Scott and Kim Wessa brought suit in Clark County Superior Court against Yakima Products, Inc.[FN1] (Hereafter, Yakima) and unnamed representatives regarding a dispute that arose from Yakima's purchase of a patent from the Wessas. Yakima removed the case to this Court. Plaintiffs assert four causes of action: (1) breach of contract, (2) declaratory relief, (3) fraudulent inducement, and (4) negligent misrepresentation. Yakima moves to dismiss the later two claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and failure to allege fraud with particularity under Fed.R.Civ.P. 9(b).

> FN1. Plaintiffs also named Watermark Paddlesports as a defendant. They are the same entity as Yakima, Watermark having changed its name to Yakima Products, Inc. In June 2005.

With respect to the claims for fraudulent inducement and negligent misrepresentation, Plaintiffs allege that the Defendants made certain misrepresentations or omissions of material facts to induce Plaintiffs to enter into the contract. Specifically, the Complaint alleges that unnamed representatives of Yakima made the following misrepresentations: "[1] that [Yakima] possessed and would possess the necessary engineering capacity to re-engineer and redesign the existing Product for an enhanced version marketable by February 2006, [2] that [Yakima] would market the existing Product within a few months after the execution of the Option Agreement, and [3] that [Yakima] would tie in and market the roof rack in conjunction with defendant Yakima's kayak and boat product lines. In addition, [4] defendants John Does and Jane Does, I through X, failed to disclose certain information including, without limitation, that defendant Watermark intended to move its principle location from Arcata, California to the Portland, Oregon geographic area." Complaint, pp. 8-10.

**MOTIONS UNDER RULES 9(b) AND 12(b)(6)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 4**

Slip Copy                                                                                                                           Page 2

Slip Copy, 2006 WL 1418906 (W.D.Wash.)
**(Cite as: Slip Copy)**

The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir.2003). Allegations of fraud are subject to heightened pleading requirements. Fed.R.Civ.P. 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9(b)'s particularity requirement applies to state-law causes of action. The federal court examines state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action and applies Rule 9(b) requirements to examine whether the circumstances of the fraud are stated with particularity. *Vess,* at 1103. See also, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 796 (9th Cir.1996) (applying Rule 9(b) to pleading of state-law cause of action). Rule 9(b) demands that averments of fraud must be accompanied by " the who, what, when, where, and how" of the misconduct charged. *Vess,* at 1106; *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997).

*2 A motion to dismiss a complaint or claim " grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Vess,* at 1107. "If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted. Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess,* at 1107.

The Rule 9(b) requirement that fraud be alleged with particularity applies to claims "grounded in fraud." *Vess* at 1103-04, 1107. "In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be " grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* In support of their cause of action for negligent misrepresentation, Plaintiffs restate the exact same factual allegations set forth in their claim of fraudulent inducement. This restatement of the allegations of fraud demonstrates a unified course of conduct to support both claims and thus the negligent misrepresentation cause of action is subject to the heightened pleading requirements of Rule 9(b).

Under Washington law, the nine elements of fraud are (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of it falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff. *Stiley v. Block,* 130 Wn.2d 486, 505, 925 P.2d 194 (1996). A negligent misrepresentation occurs when one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, L.L.P.,* 110 Wn.App. 412, 436, 40 P.3d 1206 (2002); Restatement (Second) of Torts § 552(1) (1977).

A "false representation" as to a presently existing fact is a prerequisite to liability for both fraud and negligent misrepresentation. See, *Stiley,* at 505-06 (fraud); *Micro Enhancement,* at 436 (negligent misrepresentation); *Elliott Bay Seafoods, Inc. v. Port of Seattle,* 124 Wn.App. 5, 14, 98 P.3d 491 (2004)(negligent misrepresentation). To avoid dismissal for inadequacy under Rule 9(b), the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

complaint must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Edwards v.. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir.2004); *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1393 (9th Cir.1989). Mere conclusory allegations of a false representation are insufficient. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994). "In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading" *Id.*

*3 The Plaintiffs have failed to meet the Rule 9(b) heightened pleading standard. The allegations of fraudulent inducement and negligent misrepresentation are statements of neutral facts that Plaintiffs assert are falsities. Plaintiffs have failed to set forth any explanation as to the alleged falsity. See, *Yourish v. California Amplifier,* 191 F.3d 983, 993-94 (9th Cir.1999).

Promises of future conduct may support a contract claim. But failure to perform those promises alone cannot establish the requisite negligence for negligent misrepresentation. *Micro Enhancement,* at 436. Promises of future performance are not representations of presently existing fact. *Stiley,* at 505-06; *Micro Enhancement,* at 436; *West Coast, Inc. v. Snohomish County,* 112 Wn.App. 200, 206, 48 P.3d 997 (2002). A representation of an existing fact must exist independently of: (1) any future acts or actions on the part of the party making the statement, (2) the occurrence of any other particular event in the future, and (3) the particular future uses of the person to whom the statement is made. *Westby v. Gorsuch,* 112 Wn.App. 558, 571, 50 P.3d 284 (2002). "Where the fulfilment or satisfaction of the thing represented depends upon a promised performance of a future act, or upon the occurrence of a future event, or upon particular future use, or future requirements of the representee, then the representation is not of an existing fact." *Shook v. Scott,* 56 Wn.2d 351, 356, 353 P.2d 431 (1960). See also, *In re Syntex Corp. Secs. Litig.,* 95 F.3d 922, 934 (9th Cir.1996) (Predictions proved to be wrong in hindsight do not render the statements untrue when made). Plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made. This can be done most directly by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants. *Yourish,* at 994; *In re GlenFed, Inc. Sec. Litig.* at 1549.

The Plaintiffs' allegations of fraudulent inducement and negligent misrepresentation are allegations concerning future performance. There are no factual allegations in the complaint that support the assertion that these promises of future conduct were made for the purpose of deceiving and without an intention of preforming. See, *Flower v. T.R.A. Industries, Inc.,* 127 Wn.App. 13, 33, 111 P.3d 1192 (2005)(inconsistent contemporaneous statements). Hindsight does not render the statement of promised performance a falsehood when made. To survive Rule 9(b) Plaintiffs must allege statements that were untrue when made. No factual allegations in the Complaint meet this test.

To the extent the Plaintiffs allege an omission (failure to disclose intent to change business location) as a fraudulent inducement or negligent misrepresentation, Rule 9(b) mandates the pleading set forth the type of facts omitted and the way in which the facts made the representations misleading. See, *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor,* 814 F.Supp. 720, 727 (N.D.Ill., 1993). See also, *Moore v. Kayport Package Express, Inc.,* 885 F.2d. 531 (9th Cir.1989)(Fed. R.' Civ. P. 9(b) applies to "all averments of fraud," including allegations of fraudulent concealment). Plaintiffs' allegations addressing the failure to disclose the future relocation do not meet the heightened pleading requirements of Rule 9(b). No allegations are present that establish why this omission was misleading and thus, constitutes fraud or negligent misrepresentation.

*4 Washington has adopted Restatement (Second) of Torts § 551 (1977), which permits a claim for negligent misrepresentation if the plaintiff establishes a duty to disclose or to provide accurate

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

information. *Richland Sch. Dist. v. Mabton Sch. Dist.,* 111 Wn.App. 377, 385, 45 P.3d 580 (2002), *review denied,* 148 Wn.2d 1002 (2003). A party has engaged in fraud or inequitable conduct if it conceals a material fact from the other party. However, concealment only constitutes fraud or inequitable conduct when the party possessing the knowledge has a duty to disclose that knowledge to the other party. *Washington Mut. Sav. Bank v. Hedreen,* 125 Wn.2d 521, 526, 886 P.2d 1121 (1994). Ordinarily the duty to disclose a material fact exists only where there is a fiduciary relationship, and not where the parties are dealing at arm's length. *Oates v. Taylor,* 31 Wn.2d 898, 903, 199 P.2d 924 (1948). In *Trimble v. Washington State University,* 140 Wn.2d 88, 97-98, 993 P.2d 259 (2000), the court held that failure to inform a party of potential disadvantages to a contract does not create a cause of action for negligent misrepresentation. Plaintiffs have failed to allege facts that establish a duty to disclose or that the non-disclosure was material to the contract. Plaintiffs have failed to comply with Rule 9(b). Accordingly, Plaintiffs causes of action for fraudulent inducement and negligent misrepresentation are subject to dismissal.

## CONCLUSION

For the reasons set forth above, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), Defendants are entitled to dismissal of Plaintiffs' causes of action for fraudulent inducement and negligent misrepresentation.

ACCORDINGLY,

IT IS ORDERED:

Defendant Yakima Products Inc.'s Motion to Dismiss [Dkt # 6] is GRANTED, and Plaintiffs' Third Cause of Action: Fraudulent Inducement and Fourth Cause of Action: Negligent Misrepresentation are dismissed.

W.D.Wash.,2006.
Wessa v. Watermark Paddlesports, Inc.
Slip Copy, 2006 WL 1418906 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1501228 (Trial Motion, Memorandum and Affidavit) Defendant Yakima Products, Inc.'s Reply in Support of its Motion to Dismiss (Apr. 25, 2006) Original Image of this Document (PDF)
• 2006 WL 1501227 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant Yakima Products, Inc.'s Motion to Dismiss (Apr. 21, 2006) Original Image of this Document (PDF)
• 3:06cv05156 (Docket) (Mar. 23, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.