Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Peter W. Sipkins, MBA #101541
Paul R. Dieseth, MBA #166881
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600
Admitted Pro Hac Vice

Attorneys for DENA' NENA' HENASH, INC.
d/b/a TANANA CHIEFS CONFERENCE

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA IN FAIRBANKS

| | |
|---|---|
| DENA' NENA' HENASH, INC. d/b/a TANANA CHIEFS CONFERENCE, an Alaska non-profit corporation,<br><br>                  Plaintiff,<br>vs.<br><br>ORACLE CORPORATION, a Delaware corporation,<br><br><br>                  Defendant. | Case No. 4:06-CV-00006 RRB<br><br><br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM** |

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................... 2

III.    VENUE IS PROPER IN THIS COURT .................................................... 6

        A.     TCC's Breach of Contract Claim Is Governed By The Forum
               Selection Clause In The Services Agreement, Making Venue Proper
               In This Court ....................................................................................... 7

        B.     None Of TCC's Tort Or Statutory Claims Are Governed By The
               Forum Selection Clause In The License Agreement.................................... 9

               1.     The Forum Selection Clause In The License Agreement Does
                      Not Apply To Non-Contract Claims Unless Those Claims
                      Require An Interpretation Of The Contract Or A
                      Determination As To Whether The Parties Were In
                      Compliance With The Contract ......................................................... 9

               2.     The Non-Contract Claims Alleged By Plaintiff Do Not
                      Require An Interpretation Of The License Agreement Or A
                      Determination As To Whether The Parties Were In
                      Compliance With The License Agreement .......................................... 11

               3.     Oracle's Misrepresentations Regarding The Functionality Of
                      The Software Are Inextricably Linked To The Services
                      Agreement, Not The License Agreement ........................................... 13

        C.     If This Court Were To Find That Certain Limited Allegations In The
               First Amended Complaint Were Governed By The Forum Selection
               Clause In The License Agreement, TCC Respectfully Requests That
               It Be Permitted To Amend Its Complaint, Omit Those Allegations,
               And Clarify Its Claims ............................................................................ 16

               D.     If This Court Were To Deny TCC The Opportunity To
                      Replead, This Action Should Be Transferred, Not Dismissed ........ 16

IV.     SHOULD THIS COURT DENY ORACLE'S 12(b)(3) MOTION TO
        DISMISS, IT SHOULD DENY ORACLE'S 12(b)(6) MOTION TO
        DISMISS AS WELL ............................................................................... 18

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's      Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue          Conference v. Oracle Corporation
Page i                                                    Case No. 4:06-CV-00006 RRB

A.    Oracle's 12(b)(6) Motion To Dismiss Is Governed By Alaska Substantive Law ........................................................................................ 18

B.    Application Of Alaska Substantive Law Demonstrates That TCC Has Stated A Claim For Fraud, Negligent Misrepresentation, Constructive Fraud, And Violation Of Alaska's UTPA ............................. 21

    1.    TCC's claims for fraud and negligent misrepresentation are pled with the requisite specificity and state a claim under Alaska law ...................................................................................... 22

        a.    TCC's claims of fraud and negligent misrepresentation satisfy Rule 9(b) .................................................................. 23

        b.    TCC's claims of fraud and negligent misrepresentation are sufficient to establish justifiable reliance under Alaska law ........................................................................ 26

    2.    TCC has adequately pled constructive fraud under Alaska law ...... 27

    3.    TCC has sufficiently pled a claim under Alaska's UTPA ............... 28

V.    CONCLUSION ........................................................................................ 30

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page ii

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Alaska Gasline Port Auth. v. ExxonMobil Corp.,*
   No. 4:05-cv-0026-RRB, 2006 WL 1718195 (D. Alaska June 19, 2006)........... 2, 22

*Allied Sound, Inc. v. Dukane Corp.,*
   934 F. Supp. 272 (M.D. Tenn. 1996) ................................................................... 16

*Androutsakos v. M/V PSARA,*
   No. 02 1173 KI, 2004 WL 1305802 (D. Or. Jan. 22, 2004) .................................. 10

*Argueta v. Banco Mexicano, S.A.,*
   87 F.3d 320 (9th Cir. 1996) .................................................................................... 6

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.,*
   365 F.3d 835 (9th Cir. 2004) ........................................................................... 22, 27

*Continental Airlines, Inc. v. Mundo Travel Corp.,*
   412 F. Supp. 2d 1059 (E.D. Cal. 2006) ................................................................ 20

*Davis v. Siemens Medical Solutions USA, Inc.,*
   399 F. Supp. 2d 785 (W.D. Kent. 2005) ............................................................... 19

*E.& J. Gallo Winery v. Encana Energy Servs., Inc.,*
   388 F. Supp. 2d 1148 (E.D. Cal. 2005) ................................................................ 10

*Ferens v. John Deere Co.,*
   494 U.S. 516 (1990) .............................................................................................. 29

*Forsyth v. Humana, Inc.,*
   114 F.3d 1467 (9th Cir. 1997) ............................................................................... 22

*Glen Holly Entm't Inc. v. Tektronix, Inc.,*
   343 F.3d 1000 (9th Cir. 2003) ............................................................................... 22

*Gov't Computer Sales, Inc. v. Dell Mktg., L.P.,*
   No. F04-0030 CV (RRB), 2005 WL 1713182 (D. Alaska July 21, 2005) ...... 10, 11

*Hoffman v. Fairfax County Redevelopment & Housing Auth.,*
   276 F. Supp. 2d 14 (D.D.C. 2003) ........................................................................ 16

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page iii

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

*In re Glenfed, Inc. Secs. Litig.,*
    42 F.3d 1541 (9th Cir. 1994)............................................................ 25

*In re Hall, Bayoutree Associates, Ltd.,*
    939 F.2d 802 (9th Cir. 1991)............................................................ 18

*King v. Russell,*
    963 F.2d 1301 (9th Cir. 1982)........................................................... 18

*Manetti-Farrow, Inc. v. Gucci Am., Inc.,*
    858 F.2d 509 (9th Cir. 1988)............................................................... 9

*Medimatch, Inc. v. Lucent Techs., Inc.,*
    120 F. Supp. 2d 482 (N.D. Cal. 2000) .............................................. 20

*Mitsubishi Caterpillar Forklift Am., Inc. v. Superior Serv.*
    Assocs., Inc., 81 F. Supp. 2d 101 (D. Me. 1999).............................. 19

*N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*
    No. 98 Civ. 7840, 1999 WL 1277244 (S.D.N.Y. Nov. 29, 1999) ........ 19

*Murphy v. Schneider Nat'l, Inc.,*
    362 F.3d 1133 (9th Cir. 2004).......................................................... 2, 6

*Shannon-Vail Five Inc. v. Bunch,*
    270 F.3d 1207 (9th Cir. 2001).......................................................... 18

*Starlight Co. v. Arlington Plastics Mach., Inc.,*
    No. C011121SI, 2001 WL 677908 (N.D. Cal. June 8, 2001) .............. 17

*United Fin. Mortgage Corp. v. Bayshores Funding Corp.,*
    245 F. Supp. 2d 884 (N.D. Ill. 2002) ................................................ 16

*United States ex rel. Varco Pruden Bldgs. v. Reid &*
    Gary Strickland Co., 161 F.3d 915 (5th Cir. 1999)............................ 19

*Weingard v. Telepathy, Inc.,*
    No. 05 Civ. 2024, 2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005) .......... 10

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's          Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue                          Conference v. Oracle Corporation
Page iv                                                                                            Case No. 4:06-CV-00006 RRB

# STATE CASES

*Adams v. Adams,*
  89 P.3d 743 (Alaska 2004) ................................................................... 27

*Anchorage Chrysler Ctr., Inc. v. DaimerChrysler Corp.,*
  129 P.3d 905 (Alaska 2006) ........................................................... 23, 27

*Cable Tel Servs., Inc. v. Overland Contracting, Inc.,*
  574 S.E.2d 31 (N.C. Ct. App. 2002) ................................................... 19

*Long v. Holland Am. Line Westours, Inc.,*
  26 P.3d 430 (Alaska 2001) ........................................................... 18, 19

*Palmer G. Lewis Co. v. Arco Chem. Co.,*
  904 P.2d 1221 (Alaska 1995) ............................................................ 20

*Paskvan v. Mesich,*
  455 P.2d 229 (Alaska 1969) .............................................................. 28

*Savage Arms, Inc. v. W. Auto. Supply Co.,*
  18 P.3d 49 (Alaska 2001) ................................................................... 21

*Turnbull v. LaRose,*
  702 P.2d 1331 (Alaska 1985) ............................................................ 26

*W. Star Trucks, Inc. v. Big Iron Equip. Serv., Inc.,*
  101 P.3d 1047 (Alaska 2004) ............................................................ 30

# FEDERAL STATUTES

28 U.S.C. § 1406(a) ................................................................................ 18

# STATE STATUTES

ALASKA STAT. §§ 45.50.471(b)(4), (b)(14) ..................................... 30

ALASKA STAT. § 45.50.542 .................................................................. 29

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's          Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue                   Conference v. Oracle Corporation
Page v                                                                      Case No. 4:06-CV-00006 RRB

## MISCELLANEOUS

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187, cmt. f ........................... 18, 19, 20

RESTATEMENT (SECOND) OF TORTS § 542, cmt. e ......................................................... 26

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE AND PROCEDURE § 3827 ..................................................................... 16, 17

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page vi

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

I.    **INTRODUCTION**

In 2004, Plaintiff and Defendant executed two separate contracts, one for the delivery of complex business software (the "License Agreement"), and one for the set up and implementation of that software (the "Services Agreement"). In this action, Plaintiff Dena' Nana' Henash, Inc. d/b/a Tanana Chiefs Conference ("TCC") brings breach of contract claims against Defendant Oracle Corporation ("Oracle") which are based <u>solely</u> on the Services Agreement, and fraud, other tort, and statutory claims related to matters governed by the Services Agreement. Nothing in TCC's complaint requires analysis or interpretation of the License Agreement.

In a motion supported principally by wishful thinking and an inaccurate portrayal of TCC's complaint, Oracle turns both the facts and law on their heads to avoid having this Court decide the merits of TCC's claims. Invoking the forum selection clause of the superfluous License Agreement, and virtually disregarding the forum selection clause of the Services Agreement that is the real subject of this litigation (a forum selection clause that permits this action to proceed in "Courts of Alaska County in Fairbanks, Alaska"), Oracle asks this Court either to dismiss the entire action or transfer venue to California.[1]

This Court should not be fooled by Oracle's technique of cherry-picking a few clauses of the First Amended Complaint and interpreting those clauses in fanciful ways. This action concerns, at its heart, claims related to Oracle's defective services furnished

---

[1] Although this is not a *forum non conveniens* motion, and convenience of the witnesses and the parties is not a relevant inquiry for this Court, TCC does note that the vast majority of expected witnesses are Alaska residents and most discovery will be conducted here.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's       Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue          Conference v. Oracle Corporation
Page 1                                                    Case No. 4:06-CV-00006 RRB

under a Services Agreement that permits TCC to select this forum to pursue its claims. TCC has an unequivocal right to litigate its claims where it has chosen to do so.

Even those cherry-picked clauses of the First Amended Complaint on which so much of Oracle's memorandum is based are not, as Oracle contends, governed by the forum selection clause of the License Agreement. The alleged contract breaches relate to Oracle's woefully deficient services, not to a breach of the License Agreement. TCC's remaining claims do not require an interpretation of the License Agreement or a determination as to whether the parties were in compliance with the License Agreement, and thus, under applicable Ninth Circuit law, do not call for the application of the License Agreement's forum selection clause.

## II.    FACTUAL BACKGROUND

TCC is a non-profit corporation made up of 37 federally-recognized Alaska Native Tribes and 5 non-recognized villages/Native groups. (First Amended Complaint ("FAC") ¶ 5).[2] TCC acts as a political, economic, legal, and social advocate for its members, and is charged with meeting the governmental, health, and social needs of its Tribes. (FAC ¶ 5.)

---

[2] The specific facts concerning TCC's background and the licensing and implementation of Oracle's software are set forth in detail in the First Amended Complaint. If there are contested facts relating to Oracle's Motion, the court is obligated to draw all reasonable inferences in favor of TCC and resolve all factual conflicts in favor of TCC. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). For the remainder of Oracle's Motion, the Court must assume the factual allegations in the First Amended Complaint are true. *See Alaska Gasline Port Auth. v. ExxonMobil Corp.*, No. 4:05-cv-0026-RRB, 2006 WL 1718195, at *2 (D. Alaska June 19, 2006).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 2

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

In late 2003, TCC concluded that its existing software system was neither sufficiently reliable nor otherwise adequate to meet TCC's current and future needs. (FAC ¶ 8.)  It thus began looking for a new software system.  (FAC ¶ 9.)  In this age of sophisticated commercial software, a company cannot license software one day and begin using it the next.  Complex software, such as the software that TCC licensed from Oracle, must be configured and implemented to fit the user's business processes.  TCC thus searched for both a software provider and an organization that could set up and implement that system.  (FAC ¶ 9.)

In early 2004, Oracle convinced TCC not only to license Oracle software, but also to employ Oracle in implementing the software system.  The parties used two different contracts.  Under the License Agreement, Oracle supplied the software to TCC.  Under the Services Agreement, Oracle supplied consulting services to implement that software. The two agreements have different forum selection clauses.

Oracle's memorandum inaccurately portrays TCC's First Amended Complaint. Oracle contends that TCC's contract claim alleges that Oracle breached the License Agreement.  It further contends that TCC's tort and statutory claims require the application of the License Agreement's forum selection clause because they require this Court to interpret the License Agreement or necessitate a finding that Oracle failed to meet its contractual commitments.  Oracle is wrong on both counts.

TCC's contractual cause of action alleges that Oracle breached the Services Agreement, not the License Agreement.  It contends that Oracle failed to provide consulting services, and not software, "in a professional manner consistent with industry

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 3

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

standards," as warranted in the Services Agreement.[3]  (FAC ¶ 26.)  <u>All</u> of the allegations providing a factual basis for this cause of action—<u>none</u> of which were cited by Oracle in its memorandum—point to ways in which Oracle breached that services warranty.  For example, paragraph 16 of the First Amended Complaint alleges that the customization created by Oracle's consultants (work performed under the Services Agreement) was poorly designed and otherwise defective.  (*See* FAC ¶ 16.)  Paragraph 17 lists numerous ways in which Oracle repeatedly failed to provide services to TCC in a professional manner consistent with industry standards, including the following:

> [t]he Oracle consultants were either untrained or inadequately trained in the software that was being implemented at TCC and the ways in which TCC would need to use the software.  They had no or insufficient accounting and grant backgrounds and were not sufficiently familiar with or knowledgeable of the Grants module.  There was a lack of project management and direction from Oracle.  Oracle's consultants were frequently rotated on and off the project, leading to discontinuity and confusion.  Oracle's consultants failed to create and follow project plans and failed to properly communicate with one another or with TCC.  Oracle's consultants failed to provide accurate information regarding the status of the implementation.  Oracle's consultants configured the software improperly and improperly modified the software.  They rendered inoperable one of the instances of the software established at TCC.  They were unable to complete the implementation in the time that they had promised and for the amount that they had promised.

(FAC ¶ 17.)  Paragraph 18 alleges that Oracle improperly configured the software, making it difficult to generate reports.  (*See* FAC ¶ 18.)

---

[3] References to the Services Agreement in this memorandum should be read as including the Services Agreement Ordering Document, which the parties signed in connection with the Services Agreement.

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 4

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

Oracle similarly misconstrues Plaintiff's fraud claims. Those claims primarily involve Oracle's failure to live up to its promises regarding the Services Agreement and its ability to complete the implementation within a certain time for a certain cost. The allegations relating to those claims, <u>none</u> of which were cited in Oracle's memorandum, relate to the Services Agreement, not the License Agreement. Some of those allegations follow:

- Oracle falsely represented that "the implementation could be quickly completed" (FAC ¶ 10(a));

- Oracle's representatives repeatedly assured TCC that the implementation could be fully completed within 90 days, and otherwise provided projected go-live dates that were not, and could not have been met (FAC ¶ 10(e));

- Oracle's representatives falsely stated that it would be able to accomplish the implementation within a specified budget (FAC ¶ 10(f));

- Oracle's representatives made false representations to TCC to induce TCC to agree to a time and materials contract rather than a fixed price contract, including representations that there would be a "substantial cost savings to TCC" from a time and materials contract and that since the project was a "fairly predictable, basic flows implementation," a time and materials contract was "in TCC's best interest" (FAC ¶ 10(g));

- Oracle made additional misrepresentations to TCC following the execution of the agreements between the parties. Vicki Parrott and Jessica Black repeatedly represented that the implementation was almost complete, when in fact substantial work remained before the software was ready for use (FAC ¶ 22).

Oracle told TCC that it would cost $966,302.00 to implement the system. (*See* FAC ¶ 14.) If Oracle's implementation services had been completed within the promised 90 days, TCC would have been able to use the software, and cease spending money on further implementation services, in mid-2004. Oracle's representations, however, were

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 5

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

false.  TCC has still not fully implemented the system, has spent millions of dollars more than it was supposed to have spent for Oracle's services, and is continuing to pay consultants to attempt to finish the implementation.  (*See* FAC ¶ 15.)  That is why TCC has brought this lawsuit.  That is the heart of its claim.[4]

## III.   VENUE IS PROPER IN THIS COURT.

The Ninth Circuit treats motions to dismiss pursuant to contractual forum selection clauses as motions under Rule 12(b)(3).  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  If there are contested facts bearing on the enforceability of the forum selection clause, the court is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

As noted above, Oracle has failed to discuss or refer to the vast bulk of the First Amended Complaint, all of which clearly and unequivocally concerns Oracle's defective services furnished under the Services Agreement and subject to the Services Agreement's

---

[4] The First Amended Complaint is rife with other examples of its exclusive focus on the Services Agreement.  For example, the second cause of action, for negligence, is based solely upon Oracle's breach of the applicable duty of care by "offering services under the Services Agreement…that were below the level expected by a reasonable consultant." (FAC ¶ 33.)  The fraudulent and negligent misrepresentation claims allege that the misrepresentations, among other things, induced TCC to execute the Services Agreement and to continue to work with and purchase services from Oracle.  (*See* FAC ¶¶ 37,41.) The cause of action for constructive fraud alleges that Oracle breached its fiduciary duty "in failing to properly perform the implementation of the software with care, skill, reasonable expediency and faithfulness."  (FAC ¶ 45.)  The cause of action for breach of the implied covenant of good faith and fair dealing alleges that Oracle breached that covenant by "its failure to provide services in a professional manner consistent with industry standards" (FAC ¶ 53), denying TCC of "the benefit of the Services Agreement" (FAC ¶ 54).

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 6

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

forum selection clause.  The forum selection clause in that agreement states that the

parties "agree to submit to the exclusive jurisdiction of, and venue in, the courts in Alaska

County in Fairbanks, Alaska, or San Francisco, San Mateo, or Santa Clara counties in

California in any dispute arising out of or relating to this agreement."  (FAC, Ex. E at

§ M.)  Oracle does not even contest that pursuant to this clause, venue is proper in this

Court to hear these allegations and claims.

> A.    **TCC's Breach of Contract Claim Is Governed By The Forum Selection Clause In The Services Agreement, Making Venue Proper In This Court.**

In a profound example of wishful thinking, Oracle characterizes TCC's first cause

of action as "a disguised claim for breach of the License Agreement."  (*See* Def.'s Mem.

at 6-7.)

TCC does not allege any breach of the License Agreement.  The License

Agreement warranty provides that the software programs "will operate in all material

respects as described in the applicable program documentation."  (FAC, Ex. C at § E.)

TCC has not claimed the programs operate in any fashion other than as described in the

program documentation that TCC received after the License Agreement was executed.[5]

The <u>only</u> contractual breach alleged by TCC is Oracle's breach of the Services

Agreement.  TCC's first cause of action describes the warranty provided under the

---

[5] Oracle asserts that TCC has reserved its right "to assert additional purported contract and fraud claims" relating to Phase Two, implying that this supports the dismissal of the action.  (*See* Def.'s Mem. at 7-8, 14.)  This is, of course, nonsense.  No claims relating to Phase Two have been pled because the implementation is not yet complete.  Unless or until such claims are pled, it is impossible to determine whether they are governed by any of the forum selection clauses at issue in this case.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's                    Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue                      Conference v. Oracle Corporation
Page 7                                                                Case No. 4:06-CV-00006 RRB

Services Agreement (*see* FAC ¶ 26), alleges a material breach of that warranty (*see* FAC ¶ 27), contends that limitations of remedy clauses in the Services Agreement are void because they are unconscionable and because they failed of their essential purpose (*see* FAC ¶¶ 28-29), states that TCC performed its contractual obligations (*see* FAC ¶ 28), and asks for an award of damages (*see* FAC ¶ 30).

Oracle's argument that TCC is "coyly" alleging a cause of action for breach of the License Agreement is frivolous.  Oracle finds suspicious:  (1) the first paragraph of TCC's breach of contract claim, which incorporates by reference prior allegations in the complaint; and (2) the omission in the first cause of action of an express statement that TCC is seeking only those damages arising from a the breach of the Services Agreement. (*See* Def.'s Mem. at 6-7, 13-14.)[6]  Neither point supports Oracle's argument.  It is, of course, commonplace for complaints to include broad language incorporating prior allegations by reference.  It is equally commonplace for complaints to omit detailed explanations as to the damages sought for breach of contract.  Nevertheless, to ease Oracle's claimed concern about the breadth of TCC's contract claim, TCC is willing to amend its complaint to specifically state that its first cause of action is based exclusively

---

[6] In addition, Oracle points to the language in paragraph 28 of the First Amended Complaint asserting that TCC has fully performed its obligations under the "Contracts." (*See* Def.'s Mem. at 6.)  The use of a defined term that included the License Agreement was a simple oversight, not some subtle effort to allege a disguised claim for breach of the License Agreement.  If permitted by the Court, TCC will file an Amended Complaint that modifies this portion of its complaint to read "TCC has fully performed its obligations under the Services Agreement and the Services Agreement Ordering Document."

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 8

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

upon alleged breaches of the Services Agreement and that the damages it seeks under this claim are only those damages caused by this breach.

**B.    None Of TCC's Tort Or Statutory Claims Are Governed By The Forum Selection Clause In The License Agreement.**

Oracle alleges that the remaining claims in TCC's First Amended Complaint are also governed by the forum selection clause in the License Agreement.  Oracle is wrong.

1.    The Forum Selection Clause In The License Agreement Does Not Apply To Non-Contract Claims Unless Those Claims Require An Interpretation Of The Contract Or A Determination As To Whether The Parties Were In Compliance With The Contract.

The mere existence of a contract between the parties does not automatically mean that a plaintiff's tort claims are governed by the contract's forum selection clause.  *See, e.g., E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1161-63 (E.D. Cal. 2005) (action against gas supplier for antitrust and other statutory violations not governed by forum selection clause in agreement between the parties).

The forum selection clause in the License Agreement governs TCC's non-contract claims only if the resolution of those claims requires an interpretation of the License Agreement or a determination as to whether Oracle was in compliance with that contract. Oracle concedes in its memorandum that this is the question that must be answered, quoting directly from the leading Ninth Circuit case of *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988).  In *Manetti-Farrow*, the Ninth Circuit held that a forum selection clause in an exclusive dealership contract governed both the contract and tort claims brought by a perfume dealer against the perfume manufacturer. The Court held that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract."  858 F.2d at

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 9

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

514.  It found that the claims in that case "[could not] be adjudicated without analyzing whether the parties were in compliance with the contract," and therefore ruled that they were "within the scope of the forum selection clause."[7]  *Id.*  Oracle cites this exact language in its memorandum.  (*See* Def.'s Mem. at 12.)

Oracle, however, then veers off on a strange tack, proposing something that it calls the "gist of the action" doctrine.  (Def.'s Mem. at 13.)  The "gist of the action" doctrine is not a doctrine, much less a doctrine applicable in the Ninth Circuit.  The reference is to a single sentence in an unpublished Southern District of New York case called *Weingard v. Telepathy, Inc.*, No. 05 Civ. 2024, 2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005).  That opinion does not explain what it means by this phrase, but goes on to articulate a test much like the one set forth in *Manetti-Farrow*.[8]  Moreover, even if the *Weingard* court

---

[7] District courts within the Ninth Circuit have appropriately followed *Manetti-Farrow* in concluding that tort claims are not governed by the forum selection clause in an agreement between the parties where the dispute does not require an interpretation of the contract or a finding as to whether the parties were in compliance with their agreement. *See, e.g., E.& J. Gallo Winery*, 388 F. Supp. 2d at 1162 (stating that the applicability of a forum selection clause "depends on whether the court must resort to the terms of the agreement to resolve the claims"); *Androutsakos v. M/V PSARA*, No. 02 1173 KI, 2004 WL 1305802, at *6 (D. Or. Jan. 22, 2004) (refusing to apply contract's forum selection clause, finding that "the resolution of plaintiff's claims against [the defendants] does not involve analyzing in any way whether the parties were in compliance with the contract").

[8] The *Weingard c*ourt favorably quoted another Southern District of New York case stating that "[r]egardless of the differences in terminology, one common thread running through these various formulations is the inquiry whether the plaintiff's claims depend on rights and duties that must be analyzed by reference to the contractual relationship." 2005 WL 2990645 at *4 (quoting *Direct Mail Prod. Serv. Ltd. v. MBNA, Corp.*, No. 99-10550, 2000 WL 1277597 at *6 (S.D.N.Y. Sept. 7, 2000)).

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 10

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

meant to create a much broader test, the decision has no precedential value or relevance to this Court, which is governed instead by the law as prescribed by the Ninth Circuit.[9]

The question for this Court, therefore, is whether the non-contract claims in the First Amended Complaint require an interpretation of the License Agreement or a determination as to whether Oracle was in compliance with that contract.

> 2.  The Non-Contract Claims Alleged By Plaintiff Do Not Require An Interpretation Of The License Agreement Or A Determination As To Whether The Parties Were In Compliance With The License Agreement.

The warranty that Oracle extended under the License Agreement is simple.  Oracle warranted that the licensed program would "operate in all material respects as described in the applicable program documentation for one year after delivery."  (FAC, Ex. C at § E.)

TCC has not alleged that the programs it received failed to operate as described in the program documentation.  The First Amended Complaint contains no suggestion that

---

[9] In asserting that forum selection clauses apply to tort claims if "the gist" of those claims is a breach of the contractual relationship, Oracle cites this Court's decision in *Government Computer Sales, Inc. v. Dell Marketing, L.P.*, No. F04-0030 CV (RRB), 2005 WL 1713182 (D. Alaska July 21, 2005).  This citation is misguided.  As this Court knows, *Government Computer Sales* considered whether extrinsic evidence could be used in ruling on a Rule 12(b)(6) motion to dismiss.  This Court found that certain agreements relied upon by defendants could be considered without converting defendants' motion to dismiss into a Rule 56 summary judgment motion, concluding that the agreements were "'integral' to the parties' dispute because they constituted 'the core of the parties' contractual relationship.'"  2005 WL 1713182 at *2.  This holding, of course, has nothing to do with the application of contractual forum selection clauses to a plaintiff's non-contract claims.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 11

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

there was a difference between the software and the documentation in <u>any</u> respect, much less in any material respect.

TCC instead claims, in certain portions of its First Amended Complaint, that the software failed to perform as promised in representations made before the contract was signed. The adjudication of these fraud claims requires only a comparison between the software that Oracle promised to deliver and the software that TCC received, without any reference to any portion of the License Agreement.

An examination of the misrepresentations cited in Oracle's memorandum makes this abundantly clear. All of the misrepresentations which, according to Oracle, require this Court to interpret the License Agreement, generally make the same claim -- that Oracle misrepresented the functionality of the software and the benefits which that functionality would provide. Oracle cites the following paragraphs from the First Amended Complaint: (1) FAC ¶ 10(a) (Oracle misrepresentations that its software provided the "functionality that TCC required") (Def.'s Mem. at 7, 14, 15); (2) FAC ¶ 10(b) (Oracle misrepresentation that TCC's use of Oracle software would result in a "higher quality of services" and "significant financial savings") (Def.'s Mem. at 7, 14); (3) FAC ¶ 10(c) (Oracle misrepresentation that Oracle software had the "functionality needed by TCC," including the ability to produce reports, calculate and apply indirect rates, and exchange data between modules, thus making "customizations" unnecessary) (Def.'s Mem. at 6, 7, 14, 15); (4) FAC ¶ 10(d) (Oracle misrepresentation that its software modules were "fully integrated") (Def.'s Mem. at 7, 14); and (5) FAC ¶ 18 (Oracle misrepresentation that the Grants module could generate reports) (Def.'s Mem. at 6, 13).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 12

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

None of these misrepresentation claims require an interpretation of the License Agreement or a determination as to whether Oracle was in compliance with the License Agreement. The missing functionality was not caused by a software defect.[10] There was no discrepancy between the software documentation and the software itself. Oracle had instead lied about the inherent capabilities of the software. Oracle misrepresented what the program could do even if it functioned as designed and written. Thus, in determining whether Oracle in fact made the alleged misrepresentations, this Court and the trier of fact need only compare the actual functionality of the software against the promised functionality, without ever referring to the License Agreement, considering Oracle's warranty, or deciding whether Oracle complied with the terms of that contract.

      3.    <u>Oracle's Misrepresentations Regarding The Functionality Of The Software Are Inextricably Linked To The Services Agreement, Not The License Agreement.</u>

Even if this Court were to apply the so-called "gist of the action" doctrine or some other test broader than the one articulated in *Manetti-Farrow*, this Court would find that the misrepresentations which Oracle cites are linked to the Services Agreement, not the License Agreement.

---

[10] In its memorandum, Oracle improperly suggests that the reference to "defects" in paragraph 20 of the First Amended Complaint is a reference to defects in the software. (*See* Def.'s Mem. at 6.) This is a blatant mischaracterization. The "defects" to which that paragraph refers are defects in the customization program written by Oracle under the services agreement (as alleged in FAC ¶ 16), and the deficient services articulated in detail in paragraphs 17 and 18. The paragraph preceding paragraph 20, in fact, expressly characterizes the allegations in paragraphs 17 and 18 as descriptions of Oracle's "deficient" services. (FAC ¶ 19.) TCC has not alleged anywhere in its First Amended Complaint that Oracle's software is defective.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's      Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue      Conference v. Oracle Corporation
Page 13      Case No. 4:06-CV-00006 RRB

In the cases cited by Oracle, courts compared the tort claims alleged in those actions against a single contract. In this case, by contrast, there are two contracts which this Court must consider. As noted below, the Services Agreement, not the License Agreement, is the contract closest to the functionality misrepresentations identified by Oracle in its memorandum.

None of the missing functionality alleged in the First Amended Complaint was resolved by the repair of licensed software or the licensing of additional software. (*See* Declaration of Lloyd Allen in Opposition to Defendant's Motion To Dismiss or Transfer for Improper Venue or, in the Alternative to Dismiss for Failure to State a Claim ("Allen Decl.") at ¶ 2.) In each case, the lack of functionality was resolved by the application of consulting services. (Allen Decl. at ¶ 2.)

Take, for example, Oracle's citation to paragraph 15 of the First Amended Complaint. (*See* Def.'s Mem. at 6.) Quoting portions of that paragraph out of context, Oracle portrays the complaint as alleging that TCC began using the software in 2004, that the software was not fully functional at that time, and that the product was therefore defective. As paragraph 15 points out, however, the lack of functionality when TCC first went live on a portion of the Oracle software in November 2004 was due not to a product defect or some other breach of the License Agreement, but rather directly due to Oracle's failure to provide proper implementation services and its inability to fully implement the system within the promised 90 days. (*See* FAC ¶ 15.) Because TCC needed the software in 2004 to run elements of its operations, it was forced to begin using the software long before it was fully ready. (*See* Allen Decl. at ¶ 3.) TCC has struggled with a crippled software system ever since, and is only slowly improving the functionality of the

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 14

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

software as additional elements of the implementation process are completed. (*See* Allen Decl. at ¶ 3.)

As another example, Oracle represented that its software was integrated, that its software modules could pass data back and forth between them, and therefore that no customizations were necessary. (*See* FAC ¶ 10(c).) As TCC notes in its complaint, this representation was false, forcing TCC to ask Oracle, under the Services Agreement, to create customized software that integrated the software modules. (*See* FAC ¶ 16.) This, of course, led TCC to spend money on consulting services for which it had not bargained, leading to higher costs under the Services Agreement. In addition, Oracle performed this task extremely poorly, failing to provide TCC with a customization that worked, leading to further claims under the Services Agreement. (*See* FAC ¶ 16.) The lack of integration thus does not relate to some supposed breach of the License Agreement, but rather to unanticipated and defective services performed under the Services Agreement.

As a further example, Oracle represented that the software could generate a sufficient number of reports. (*See* FAC ¶ 10(c).) As TCC points out in its complaint, this representation was false, causing TCC to spend "considerable time and resources in creating that capability." (FAC ¶ 18.) Thus, this misrepresentation, like the misrepresentation regarding the integration of the software, is directly tied to implementation services and the cost of the work performed under the Services Agreement, not the License Agreement. In addition, the inability of the software to generate reports is in part caused by Oracle's improper configuration of the software, work performed under the Services Agreement. (*See* FAC ¶ 18.)

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 15

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

As a final example, TCC has spent and will need to spend considerable time and resources in upgrading its system "because the underlying software release licensed to TCC was incapable of providing the required functionality." (FAC ¶ 20.) Here again, the lack of functionality in the system is directly tied to the time and costs incurred by TCC in implementing the system.

In none of these instances do Oracle's misrepresentations require reference to the License Agreement. In each instance, the impact of the misrepresentation instead falls completely on the Services Agreement. Because of a lack of functionality, the implementation took far longer than 90 days and required TCC to pay far more than Oracle said it would spend on implementation services.

C. **If This Court Were To Find That Certain Limited Allegations In The First Amended Complaint Were Governed By The Forum Selection Clause In The License Agreement, TCC Respectfully Requests That It Be Permitted To Amend Its Complaint, Omit Those Allegations, And Clarify Its Claims.**

If this Court were to find that the License Agreement's forum selection clause should be applied to any allegations in the First Amended Complaint, Plaintiff respectfully requests that it be permitted to amend its complaint and omit those allegations and clarify its claims. As noted above, Oracle does not contest that the bulk of the First Amended Complaint relates to the Services Agreement, not the License Agreement. At the very least, TCC has the undisputed right to litigate those claims in this forum.

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 16

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

**D.    If This Court Were To Deny TCC The Opportunity To Replead, This Action Should Be Transferred, Not Dismissed.**

Even if this Court were to determine that venue is improper in Alaska with respect to certain of TCC's claims and also deny TCC the opportunity to replead, the proper remedy is to transfer the action pursuant to 28 U.S.C. § 1406(a) rather than dismiss the case. "Generally, the interests of justice require transferring [cases brought in an improper forum] to the appropriate judicial district rather than dismissing them." *Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 19 (D.D.C. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *see also Allied Sound, Inc. v. Dukane Corp.*, 934 F. Supp. 272, 276 (M.D. Tenn. 1996) ("[T]ransfer is generally perceived to further the interests of justice more than dismissal.") Thus, transfer is the presumptive remedy under § 1406(a). *See United Fin. Mortgage Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 896 (N.D. Ill. 2002) ("It is presumed that a transfer is in the interest of justice."); *see also* 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3827 ("The usual procedure should be transfer rather than dismissal.")

Oracle fails to overcome this presumption. Oracle argues first that this Court should not presume that TCC would prefer the federal court in California over California state courts, and should thus "dismiss to allow" TCC to make that choice. (Def.'s Mem. at 16.) As if TCC's intent to proceed in federal district court was not made clear enough by its decision to file its case in this forum, TCC hereby expressly requests that should this Court find venue to be improper, it transfer the action to the United States District Court for the Northern District of California. TCC's first choice is to have its case heard in this Court. TCC's second choice is to have its case heard in federal court in California.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 17

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

*See Starlight Co. v. Arlington Plastics Mach., Inc.*, No. C011121SI, 2001 WL 677908, at *4 (N.D. Cal. June 8, 2001) (finding transfer of action warranted in light of plaintiff's indication that transfer was preferred to dismissal).

Oracle's second argument for dismissal, that the venue provision is unambiguous and that TCC's should thus be penalized for filing this action in Alaska, ignores the arguments stated above. *See* Section III.A-B, *supra*. TCC had more than adequate reason to believe that its allegations arose out of the Services Agreement, which expressly permits venue in this Court.[11] In any event, Oracle has failed to point to any facts indicating that TCC's choice of forum was made in bad faith or for purposes of harassment, which courts have generally required as a prerequisite to dismissal under § 1406(a). *See, e.g, In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805-06 (9th Cir. 1991); *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1982).

## IV. SHOULD THIS COURT DENY ORACLE'S 12(b)(3) MOTION TO DISMISS, IT SHOULD DENY ORACLE'S 12(b)(6) MOTION TO DISMISS AS WELL.

### A. Oracle's 12(b)(6) Motion To Dismiss Is Governed By Alaska Substantive Law.

In making its arguments in support of its alternative motion to dismiss, Oracle claims that several of TCC's causes of action fail under the laws of both Montana and California. Oracle utterly fails to recognize that if this Court denies Oracle's 12(b)(3) motion to dismiss, then *a fortiori* it will have concluded that TCC's claims arise under or

---

[11] Even Oracle's own arguments in support of its motion to dismiss recognize that TCC's claims equally arise under both the License Agreement and the Services Agreement. (*See* Def.'s Mem. at 15, 16, 23, 26.)

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 18

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

relate to the Services Agreement. Thus, Oracle's reliance upon the California choice-of-law provision in the License Agreement is misplaced. Moreover, although the Services Agreement does contain a Montana choice-of-law provision, that provision is unenforceable under Alaska's conflict of laws rules. *See, e.g., Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001) (noting that federal courts apply the conflict-of-law rules of the state in which they sit).

In analyzing choice-of-law issues, Alaska courts follow the Restatement (Second) of Conflict of Laws. *See, e.g., Long v. Holland Am. Line Westours, Inc.*, 26 P.3d 430, 432 (Alaska 2001). "Where, as here, the parties' contract includes a choice-of-law provision, Restatement § 187 applies." *Id.* Section 187 provides, in relevant part:

> the law of the state chosen by the parties to govern their contractual rights and duties will be applied…unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2)).

There can be no question that the parties' selection of Montana law to govern all disputes arising out of or relating to the Services Agreement fails the first prong of this analysis. Montana simply has <u>no</u> relationship to the parties or the transaction at issue, let alone a "substantial" one. As the commentary to § 187 makes clear, a substantial relationship will generally be found where the state of the chosen law is "where performance by one of the parties is to take place or where one of the parties is domiciled or has his principal place of business." RESTATEMENT (SECOND) OF CONFLICT OF LAWS

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 19

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

§ 187, cmt. f.  Here, not only were Oracle's contractual services to be performed in Alaska, but neither Oracle nor TCC are Montana domiciliaries, nor do they maintain any offices in Montana.  Under these circumstances, the Montana choice-of-law provision is unenforceable.  *See, e.g., Davis v. Siemens Med. Solutions USA, Inc.*, 399 F. Supp. 2d 785, 791 (W.D. Kent. 2005) (refusing to enforce New Jersey choice-of-law provision where neither party was a resident of New Jersey and the only facts connecting New Jersey to the transaction at issue were "comparatively inconsequential"); *accord United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 921 (5th Cir. 1999); *Mitsubishi Caterpillar Forklift Am., Inc. v. Superior Serv. Assocs., Inc.*, 81 F. Supp. 2d 101, 118 (D. Me. 1999); *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, No. 98 Civ. 7840, 1999 WL 1277244, at \*3 (S.D.N.Y. Nov. 29, 1999); *Cable Tel Servs., Inc. v. Overland Contracting, Inc.*, 574 S.E.2d 31, 34 (N.C. Ct. App. 2002); *cf. Long*, 26 P.3d at 432 & n.7 (finding the "substantial relationship" necessary to enforce Washington choice-of-law provision "because [defendant] was headquartered there and that was the location from which the contract was issued") (relying upon RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187, cmt. f).[12]

---

[12] Even Oracle—a Delaware corporation having its principal place of business in California—makes no serious attempt to salvage the Montana choice of law provision in the Services Agreement.  Oracle's contention that the parties had a "reasonable basis" to select Montana law because of its unfair business practices statute borders on the absurd.  (Def.'s Mem. at 27.)  Reduced to its essence, Oracle's argument is little more than the *non sequitur* that a reasonable basis exists simply because Oracle says it does.  Moreover, its reliance upon *Continental Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059 (E.D. Cal. 2006), and *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 482 (N.D. Cal. 2000), is misplaced.  Even a superficial reading of those cases demonstrates that the court upheld the parties' reference to the laws of another state because at least one of the parties had a "substantial relationship" to that state.  *See Continental Airlines*, 412 F. Supp. 2d at 1064 (enforcing Virginia choice-of-law clause where one of the parties to the

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 20

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

In the absence of an enforceable choice-of-law provision, the substantive law to be applied to TCC's claims is also determined by reference to the Restatement (Second) of Conflict of Laws.  With regard to TCC's contract claims, § 188 provides the factors to be considered: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties."  *Palmer G. Lewis Co. v. Arco Chem. Co.*, 904 P.2d 1221, 1227 n.14 (Alaska 1995) (quoting RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2)).  Analysis of these factors unquestionably demonstrates that TCC's contract claims are governed by Alaska law.  TCC is an Alaska corporation with its principal place of business in Fairbanks, Alaska (*see* FAC ¶ 1); by their very nature, both the License Agreement and the Services Agreement called for performance to take place in Alaska.  Moreover, Oracle's written response to TCC's request for proposal was sent to TCC's Fairbanks, Alaska office, and all contract negotiations took place within Alaska.  (*See* Declaration of Jesse Fogleboch Fogleboch in Opposition to Defendant's Motion To Dismiss or Transfer for Improper Venue or, in the Alternative to Dismiss for Failure to State a Claim ("Fogleboch Decl.") at ¶ 5.)  Notably, § 188(3) provides that "[i]f the place of negotiating the contract and the place of performance are in the same state, the local law of [that] state will usually be applied."  *Arco Chem. Co.*, 904 P.2d at 1227 n.14 (quotation omitted).

---

contract had its principal place of business in Virginia); *Medimatch*, 120 F. Supp. 2d at 861-62 (enforcing New Jersey choice-of-law clause where the defendant corporations maintained their principal places of business in New Jersey).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's          Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue          Conference v. Oracle Corporation
Page 21          Case No. 4:06-CV-00006 RRB

Similarly, there can be no doubt that TCC's tort claims are also governed by Alaska law. Under § 145 of the Restatement, the relevant factors include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Savage Arms, Inc. v. W. Auto Supply Co.*, 18 P.3d 49, 54 n.18 (Alaska 2001) (quoting RESTATEMENT (SECOND) CONFLICT OF LAWS § 145(1)). Even a cursory analysis of these factors points to the applicability of Alaska substantive law. The injuries suffered by TCC unquestionably took place at TCC's situs -- Alaska. Further, the conduct causing that injury, including the misrepresentations made by Oracle employees and their inability to properly implement the software, also occurred in Alaska. (*See, e.g.*, Fogleboch Decl. at ¶ 5; FAC ¶¶ 10-18.)

### B.    Application Of Alaska Substantive Law Demonstrates That TCC Has Stated A Claim For Fraud, Negligent Misrepresentation, Constructive Fraud, And Violation Of Alaska's UTPA.

In support of its 12(b)(6) motion to dismiss for failure to state a claim, Oracle premises its arguments upon the purported failure of TCC to allege the requisite elements of its claims consistent with the law of either California or Montana. As demonstrated above, Oracle's reliance upon such laws is ill-founded. Thus, to the extent that Oracle has not pointed this Court to any applicable law that would demonstrate that TCC's claims are insufficient as a matter of law, Oracle's motion to dismiss should be denied. Further, as discussed below, application of Alaska substantive law clearly demonstrates that each of TCC's claims is sufficiently pled.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 22

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

1.      TCC's claims for fraud and negligent misrepresentation are pled with the requisite specificity and state a claim under Alaska law.

Oracle asserts that TCC's allegations in support of its claims for fraud and

negligent misrepresentation fail to state a claim for two reasons: (1) they lack the

particularity required by Rule 9(b), and (2) the fraudulent statements could not be

reasonably relied upon, either because they were too vague or they constituted

"puffery."[13]  Viewing the allegations in the light most favorable to TCC, *see Alaska*

*Gasline Port Auth.*, 2006 WL 1718195 at *2, however, it is apparent that TCC has

satisfied the mandates of Rule 9(b).  Further, Oracle has failed to demonstrate that TCC's

allegations are a "rare case" where they lead to only one reasonable conclusion:  that

TCC's reliance upon Oracle's misrepresentations was not justified as a matter of law.

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 840-841 (9th Cir.

2004) ("Except in the rare case where the undisputed facts leave no room for a reasonable

difference of opinion, the question of whether a plaintiff's reliance is reasonable is a

question of fact.") (emphasis in original) (quotation and citation omitted); *cf. Anchorage*

*Chrysler Ctr., Inc. v. DaimerChrysler Corp.*, 129 P.3d 905, 914-15 (Alaska 2006)

(refusing to reverse lower court's finding that plaintiff's reliance upon defendant's

---

[13] Oracle's assertion that "puffery" and lack of specificity are two separate and distinct bases upon which to grant its motion to dismiss is incorrect.  These terms are simply synonyms for the legal conclusion that the plaintiff's reliance upon the alleged misrepresentations was not reasonable as a matter of law.  *See, e.g., Glen Holly Entm't Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) ("The statements were generalized, vague and unspecific assertions, constituting mere 'puffery' upon which a reasonable consumer could not rely."); *accord Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997) (upholding district court's definition of overly general statements as "puffery").

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's          Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue                    Conference v. Oracle Corporation
Page 23                                                                              Case No. 4:06-CV-00006 RRB

misrepresentations was unreasonable unless "reasonable minds could not disagree that reliance was justified").

> a.    *TCC's claims of fraud and negligent misrepresentation satisfy Rule 9(b).*

Oracle's primary argument in support of its motion to dismiss TCC's claims of fraud and negligent misrepresent is that its allegations fail to set forth "'the who, what, when, where, and how' of the misconduct charged." (Def.'s Mem. at 18 (quoting *Vess v. Ciba-Geigy Corp. USA*, 223 F.3d 1020, 1022-23 (9th Cir. 2003)). In fact, Oracle attacks nearly all of TCC's allegations of fraud on the basis that they purportedly fail to identify "who at Oracle said what, when, and where and to whom it was stated at TCC." (*See* Def.'s Mem. at 19-22.) Oracle is mistaken.[14]

As even a glancing review of the First Amended Complaint makes clear, TCC's allegations and supporting exhibits easily provide Oracle with the information required by Rule 9(b). For example, to the extent that TCC's allegations are premised upon misrepresentations made by Oracle in its written proposal and accompanying management summary (*see* FAC ¶¶ 10(a)-(c)), the "who, what, when, where and to whom" are clear from the face of those documents themselves. Both the written proposal and accompanying management summary were sent by Oracle[15] to TCC's Fairbanks,

---

[14] Again, Oracle's challenge to the allegations contained in paragraph 10(h) of the First Amended Complaint (*see* Def.'s Mem. at 21) is curious, as the allegations themselves make abundantly clear that TCC is not yet asserting that any of Oracle's representations regarding Phase Two were fraudulent, but has instead reserved its right to do so. *See also* n.5, *supra*.

[15] Oracle's argument that TCC fails to specify which individual at Oracle made the misrepresentations contained within the management summary (*see* Def.'s Mem. at 20) rings particularly hollow in light of the fact that the management summary is unsigned.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 24

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

Alaska office on November 20, 2003  (*See* FAC, Exs. A-B.)  Further, TCC's allegations of oral misrepresentations (*see* FAC ¶¶ 10(c)-(g)) provide Oracle with the names of <u>eight specific</u> <u>individuals</u> that made these misrepresentations.  (*See* FAC ¶ 11.)  Oracle's algebra-like contention that this is insufficient to satisfy Rule 9(b) because it creates an "infinite number of possible permutations" of who said what is ridiculous.  (Def.'s Mem. at 22.)  Notably, Oracle has failed to point to a single case where a complaint containing such detailed allegations has been dismissed under Rule 9(b).  At this early stage of the litigation, where no discovery has yet taken place, TCC's allegations give Oracle more than adequate notice of the individuals making the misrepresentations at issue.

Oracle also challenges various of TCC's allegations on the basis that they fail to "set forth what is false of misleading about a statement, and why it is false."  (Def.'s Mem. at 18 (quotation and citation omitted).)  Again, the allegations of the First Amended Complaint and its supporting exhibits refute this contention.  For example, Oracle asserts that the allegations in paragraph 10(a) of the First Amended Complaint fail to satisfy Rule 9(b) because TCC does not allege what functionalities it required or "how Oracle's software failed to meet them."  (Def.'s Mem. at 19.)  This is absolutely false. The First Amended Complaint gives ample details about the promised functionality, noting that TCC was told:  (1) that the software would be able "to provide requested reports, to calculate and properly apply the proper indirect rates, to exchange data between the purchased modules, and to otherwise manage and control TCC's organization" (FAC ¶ 10 (c)); and (2) that "Oracle's HR, Payroll, Benefits and Grants

---

(*See* FAC, Ex. B.)

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 25

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

modules were fully integrated" (FAC ¶ 10(d)).  The pleading later specifically alleges

that "[d]espite Oracle's representations that the system was fully integrated and would be

able to meet TCC's needs, customization was necessary after delivery to integrate the

software modules and provide the functionality required by TCC," and further contends

that the "Grants module had little or no ability to generate reports."  (FAC ¶¶ 16, 18.)

This is more than adequate to plead the falsity of Oracle's representations, especially

where TCC has alleged that Oracle's representations were false when made.  (*See* FAC

¶¶ 37, 41.)  *See In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)

(noting that where plaintiff pleads that defendant's representations and actual

circumstances were "at least arguably inconsistent," the pleading will satisfy the falsity

requirement of Rule 9(b)).[16]

> b.  *TCC's claims of fraud and negligent misrepresentation are*
> *sufficient to establish justifiable reliance under Alaska law.*

Oracle also argues that certain of TCC's fraud allegations could not be reasonably

relied upon as a matter of law, therefore justifying dismissal for failure to state a claim.

Although Oracle asserts that TCC's reliance upon four misrepresentations was

unreasonable (*see* Def.'s Mem. at 19-22), only one merits extended discussion.  Oracle

argues that TCC could not have reasonably relied upon the misrepresentations alleged in

---

[16] This same analysis refutes Oracle's attacks upon the allegations made elsewhere in the
First Amended Complaint premised upon the asserted failure of TCC to plead why and/or
how the misrepresentations were false.  (*See* Def.'s Mem. at 19-21 (challenging FAC
¶¶ 10(a), (c), (e), (f), (g)).)  In each instance, TCC has pled facts sufficient to demonstrate
a fundamental contradiction between Oracle's representations and what actually occurred,
particularly when viewed in the light most favorable to TCC.  These allegations, coupled
with TCC's allegations that each of these misrepresentations were false when made (*see*
FAC ¶¶ 37, 41), are sufficient to withstand scrutiny under Rule 9(b).  *See, e.g., In re
Glenfed, Inc. Secs. Litig.*, 42 F.3d at 1548.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's          Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Motion to Dismiss or Transfer for Improper Venue             Conference v. Oracle Corporation
Page 26                                                      Case No. 4:06-CV-00006 RRB

paragraph 10(b) of the First Amended Complaint because they amount to puffery.  As an initial matter, Alaska courts have taken a narrow view of puffery, refusing to "adopt a rule which 'amounts to a seller's privilege to lie his head off.'"  *Turnbull v. LaRose*, 702 P.2d 1331, 1334 (Alaska 1985) (quotation and citation omitted).  Moreover, according to the Restatement (Second) of Torts, which is followed by Alaska courts, "a statement that a [product] will be satisfactory for the buyer's purposes may, under the circumstances, reasonably be understood to carry the assertion of fact that it has the capacity to do the work known to be required."  RESTATEMENT (SECOND) OF TORTS § 542, cmt. e.  This principle is certainly applicable to the present matter.  TCC has alleged that it sought to replace its legacy software system, and that due to its lack of sophistication in the area, sought the assistance of experts in the field, including Oracle.  (*See* FAC ¶¶ 8-12.)  TCC has further alleged that it informed Oracle of the specific functionality required of the software.  (*See* FAC, Ex. B.)  Thus, viewing the allegations in the light most favorable to TCC, and giving due consideration to the fact that the reasonableness of TCC's reliance is an issue for the trier of fact in all but the rarest of cases, this allegation is sufficient to state a claim.[17]

---

[17] Oracle's remaining three challenges to TCC's fraud allegations are premised upon the alleged vagueness and lack of specificity of the misrepresentations.  In the course of making its arguments, however, Oracle concedes that each of the misrepresentations are susceptible to different, yet *reasonable* meanings.  (*See* Def.'s Mem. at 19 (conceding that challenged misrepresentations in ¶ 10(a) are "susceptible to different reasonable meanings."); *id.* at 21 (conceding that challenged misrepresentations in ¶ 10(g) have "multiple, reasonable meanings"); *id.* at 22 (conceding that challenged misrepresentations in ¶ 22 are "susceptible to different, reasonable meanings.").)  As noted above, however, the issue of reliance upon a misrepresentation may only be taken away from the trier of fact if there is "no reasonable difference of opinion."  *City Solutions, Inc.*, 365 F.3d at 840-41; *Anchorage Chrysler Ctr., Inc.*, 129 P.3d 914-15.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 27

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

Accordingly, in light of the prevailing law governing a motion to dismiss for failure to state a claim, and the detailed nature of TCC's factual allegations even in the absence of discovery, Oracle's motion to dismiss Counts III and IV of TCC's First Amended Complaint should be denied.

### 2.    TCC has adequately pled constructive fraud under Alaska law.

In its arguments in support of its motion to dismiss TCC's claim for constructive fraud, Oracle again ignores the applicability of Alaska law to this dispute. Whatever may be the state of the law in California and Montana, it is clear that no fiduciary relationship is necessary to state a claim for constructive fraud under Alaska law. In *Adams v. Adams*, 89 P.3d 743 (Alaska 2004), for example, the Alaska Supreme Court considered the viability of a constructive fraud claim in connection with a dispute over the interpretation of a commercial lease agreement. Although the parties clearly bargained at arms-length—both were experienced businessmen who negotiated the terms of the lease with the assistance of their attorneys—the Alaska Supreme Court nevertheless permitted the plaintiff to recover on a claim of constructive fraud. In so ruling, the court stated that "constructive fraud is a breach of a duty, which while not intentionally deceptive or actually dishonest, the law declares fraudulent because of its tendency to deceive others." 89 P.3d at 750 (quotation and citation omitted)

Moreover, even assuming that a fiduciary relationship is necessary to state a claim for constructive fraud, TCC has sufficiently plead facts demonstrating ones existence. Under Alaska law, "[a] confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 28

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

confidence." *Paskvan v. Mesich*, 455 P.2d 229, 232 (Alaska 1969).  In its First Amended Complaint, TCC has alleged that it sought to replace its outdated software system, and sought out a number of vendors—including Oracle—to assist in that process.  (FAC ¶¶ 8-10.)  In addition, TCC has alleged that it "did not maintain a sophisticated staff with technical expertise in computer software design," and therefore relied upon Oracle's expertise in selecting and implementing the Oracle Software (FAC ¶ 12).[18]  These allegations, when read in the light most favorable to TCC, are sufficient to plead that TCC reposed trust and confidence in Oracle's ability to select and implement its software in the manner most suited to meet TCC's business needs.  Therefore, Oracle's motion to dismiss Count V of TCC's First Amended Complaint should be denied.

> 3.    TCC has sufficiently pled a claim under Alaska's UTPA.

Finally, Oracle argues that TCC's claim under Alaska's Unfair Trade Practices Act ("UTPA") fails for two independent reasons.  Neither is persuasive.

First, Oracle again assumes that TCC's claims are governed by either Montana or California law.  That assumption is incorrect.  As demonstrated above, *see* Part IV.A, *supra*, application of Alaska's conflict-of-law principles demonstrates that TCC's claims are governed by the substantive laws of Alaska.  This body of substantive law includes not only the common law, but Alaska's statutory law as well.  *See, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 533 (1990) (noting that federal courts sitting in diversity must

---

[18] In light of this explicit allegation, Oracle's reliance upon TCC's general "sophistication" is misplaced.  (*See* Def.'s Mem. at 25.)  The crux of TCC's claims is that its lack of knowledge and sophistication regarding computer software and implementation is the precise reason it sought out the skill and judgment of others more experienced in the area.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 29

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

apply "both statutory law and common law established by the courts" of the state in which it sits).  Thus, TCC—an Alaska citizen—is entitled to sue for violations of those statutory laws enacted by the Alaskan legislature to protect it.  Moreover, regardless of which contract applies or what the parties said about choice of law, the provisions of the UTPA entitle TCC to plead that cause of action.  The statute categorically prohibits Alaskans from waiving the broad protections of the UTPA.  *See* ALASKA STAT. § 45.50.542 ("A waiver by a consumer of the provisions of [the UPTA] is contrary to public policy and is unenforceable and void.").

Second, Oracle asserts that the sole basis for TCC's UTPA claim are those same representations that form the basis for its claim of fraud.  (*See* Def.'s Mem. at 28.)  Since TCC's claim for fraud fails as a matter of law, Oracle argues, so does TCC's UTPA claim. As demonstrated above, however, TCC's allegations of fraud and negligent misrepresentation are sufficient to state a claim under both Rule 9(b) and Alaska law. *See* Part IV.B.1, *supra*.  More importantly, however, Oracle's attempt to shoe-horn TCC's allegations into claiming a violation of subsections (b)(11) or (b)(12) of the UTPA (*see* Def.'s Mem. at 28), is misguided.  Nowhere in its First Amended Complaint does TCC specify the precise provision of the UTPA that Oracle is alleged to have violated.  Rather, TCC generally alleges that Oracle's statements constituted "'unfair or deceptive acts or practices' prohibited under AS 45.50.471, *et. seq.*"  (FAC ¶ 49.)  In fact, TCC's allegations are sufficient to allege that Oracle violated provisions of the UTPA <u>other</u> <u>than</u> subsections (b)(11) and (b)(12), including subsection (b)(4), which prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities [sic] that they do not have" and subsection

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 30

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

(b)(14), which prohibits "representing that an agreement confers or involves rights, remedies or obligations which it does not confer or involve."  ALASKA STAT. §§ 45.50.471(b)(4), (b)(14).  In addition, it has been held that a plaintiff need not prove fraud to prevail under the UTPA.  *See generally W. Star Trucks, Inc. v. Big Iron Equip. Serv., Inc.*, 101 P.3d 1047 (Alaska 2004) (superior court concluding that negligent misrepresentation was sufficient to state claim under the UTPA).

Thus, Oracle's motion to dismiss Count VI of TCC's First Amended Complaint should be denied.

## V.    CONCLUSION

TCC's First Amended Complaint states valid causes of action that can and should be litigated in this forum.  For all of the reasons stated above, TCC respectfully requests that this Court deny Oracle's Motion in its entirety.

DATED this 22nd day of September, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:    /s/ Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, Alaska 99501-5907
    lindemuth.jahna@dorsey.com

    Peter W. Sipkins (Minn. Bar #101541)
    Paul R. Dieseth (Minn. Bar #166881)
    DORSEY & WHITNEY LLP
    Suite 1500
    50 South Sixth Street
    Minneapolis, Minnesota 55402-1498
    sipkins.peter@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 31

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of September, 2006, a true and correct copy of this document was served on:

| | | |
|---|---|---|
| David E. Garrett | Geoffrey Howard | Jeffrey Feldman |
| 500 Oracle Parkway, MS 5op7 | Bingham McCutchen | Feldman Orlansky & Sanders |
| Redwood City, CA  94065 | Three Embarcadero Center | 500 L Street, Suite 400 |
| | San Francisco, CA  94111 | Anchorage, AK  99501 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:      /s/ Jahna M. Lindemuth
        Jahna M. Lindemuth, ABA #9711068
        Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss or Transfer for Improper Venue
Page 32

Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs
Conference v. Oracle Corporation
Case No. 4:06-CV-00006 RRB