REST 2d CONFL § 187                                                                                                          Page 1
Restatement (Second) of Conflict of Laws § 187 (1971)
**(Publication page references are not available for this document.)**

C

Restatement of the Law -- Conflict of Laws
Restatement (Second) of Conflict of Laws
Current through September 2006

Copyright © 1971-2006 by the American Law Institute

Chapter 8. Contracts
Topic 1. Validity Of Contracts And Rights Created Thereby
Title A. General Principles

§ 187. Law Of The State Chosen By The Parties

1988 Revision

Link to Case Citations

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

    (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

    (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

**Comment:**

*a. Scope of section.* The rule of this Section is applicable only in situations where it is established to the satisfaction of the forum that the parties have chosen the state of the applicable law. When the parties have made such a choice, they will usually refer expressly to the state of the chosen law in their contract, and this is the best way of insuring that their desires will be given effect. But even when the contract does not refer to any state, the forum may nevertheless be able to conclude from its provisions that the parties did wish to have the law of a particular state applied. So the fact that the contract contains legal expressions, or makes reference to legal doctrines, that are peculiar to the local law of a particular state may provide persuasive evidence that the parties wished to have this law applied.

On the other hand, the rule of this Section is inapplicable unless it can be established that the parties have chosen the state of the applicable law. It does not suffice to demonstrate that the parties, if they had thought about the matter, would have wished to have the law of a particular state applied.

Restatement (Second) of Conflict of Laws § 187 (1971)
**(Publication page references are not available for this document.)**

**Illustration:**

    1. A contract, by its terms to be performed in state Y, is entered into in state X between A, a domiciliary of X, and B, a domiciliary of Y. The contract recites that the parties "waive restitution in integrum in case of laesio enormis." These notions are foreign to X local law. They exist, on the other hand, in Y local law which furthermore empowers the parties to waive such right of restitution. A court could properly find on these facts that the parties wished to have Y local law applied.

**Comment:**

    *b. Impropriety or mistake.* A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake. Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles. A factor which the forum may consider is whether the choice-of-law provision is contained in an "adhesion" contract, namely one that is drafted unilaterally by the dominant party and then presented on a "take-it-or-leave-it" basis to the weaker party who has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. Common examples are tickets of various kinds and insurance policies. Choice-of-law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent.

**Illustrations:**

    2. A presents to B for signature a contract which embodies the terms of their prior agreement but which also provides that the rights of the parties under the contract shall be governed by the law of state X. A does not wish B to know of the provision calling for application of X law and therefore says that there is no reason for B to read the contract since it does no more than set forth their earlier agreement. B signs the contract without reading it in reliance upon A's word. The forum will not give effect to the provision calling for application of X law.

    3. In state X, A buys from the B company a ticket on one of B's steamships for transportation from X to state Y. The ticket recites that it shall be governed by Y law and also contains a provision stating that B shall not be liable for injuries resulting from the negligence of its servants. The latter provision is valid under Y local law, but invalid under that of X. In the course of the voyage, A is injured through the negligence of B's servants. A brings suit to recover for his injuries against B in state Z. In determining whether or not to give effect to the choice-of-law provision, the Z court will give consideration to the fact that the contract was drafted unilaterally by B, the dominant party, and then presented to A on a "take-it-or-leave-it" basis.

**Comment on Subsection (1):**

    *c. Issues the parties could have determined by explicit agreement directed to particular issue.* The rule of this Subsection is a rule providing for incorporation by reference and is not a rule of choice of law. The parties, generally speaking, have power to determine the terms of their contractual engagements. They may spell out these terms in the contract. In the alternative, they may incorporate into the contract by reference extrinsic material which may, among other things, be the provisions of some foreign law. In such instances, the forum will apply the applicable provisions of the law of the designated state in order to effectuate the intentions of the parties. So much has never been doubted. The point deserves emphasis nevertheless because most rules of contract law are designed to fill gaps in a contract which the parties could themselves have filled with express provisions. This is generally true, for example, of rules relating to construction, to conditions precedent and subsequent, to sufficiency of performance and to ex-

Copr. © 2006 The American Law Institute.

REST 2d CONFL § 187 Case 4:06-cv-00006-RRB    Document 40-5    Filed 10/16/2006    Page 3 of 5    Page 3
Restatement (Second) of Conflict of Laws § 187 (1971)
**(Publication page references are not available for this document.)**

cuse for nonperformance, including questions of frustration and impossibility. As to all such matters, the forum will apply the provisions of the chosen law.

Whether the parties could have determined a particular issue by explicit agreement directed to that issue is a question to be determined by the local law of the state selected by application of the rule of § 188. Usually, however, this will be a question that would be decided the same way by the relevant local law rules of all the potentially interested states. On such occasions, there is no need for the forum to determine the state of the applicable law.

**Illustrations:**

> 4. In State X, A establishes a trust and provides that B, the trustee, shall be paid commissions at the highest rate permissible under the local law of state Y. A and B are both domiciled in X, and the trust has no relation to any state but X. In X, the highest permissible rate of commissions for trustees is 5 per cent. In Y, the highest permissible rate is 4 per cent. The choice-of-law provision will be given effect, and B will be held entitled to commissions at the rate of 4 per cent.
>
> 5. Same facts as in Illustration 4 except that the highest permissible rate of commissions in X is 4 per cent and in Y is 5 per cent. Effect will not be given to the choice-of-law provision since under X local law the parties lacked power to provide for a rate of commissions in excess of 4 per cent and Y, the state of the chosen law, has no relation to the parties or the trust.

**Comment on Subsection (2):**

*d. Issues the parties could not have determined by explicit agreement directed to particular issue.* The rule of this Subsection applies only when two or more states have an interest in the determination of the particular issue. The rule does not apply when all contacts are located in a single state and when, as a consequence, there is only one interested state. Subject to this qualification, the rule of this Subsection applies when it is sought to have the chosen law determine issues which the parties could not have determined by explicit agreement directed to the particular issue. Examples of such questions are those involving capacity, formalities and substantial validity. A person cannot vest himself with contractual capacity by stating in the contract that he has such capacity. He cannot dispense with formal requirements, such as that of a writing, by agreeing with the other party that the contract shall be binding without them. Nor can he by a similar device avoid issues of substantial validity, such as whether the contract is illegal. Usually, however, the local law of the state chosen by the parties will be applied to regulate matters of this sort. And it will usually be applied even when to do so would require disregard of some local provision of the state which would otherwise be the state of the applicable law.

Permitting the parties in the usual case to choose the applicable law is not, of course, tantamount to giving them complete freedom to contract as they will. Their power to choose the applicable law is subject to the two qualifications set forth in this Subsection (see Comments *f-g*).

*e. Rationale.* Prime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract. These objectives may best be attained in multistate transactions by letting the parties choose the law to govern the validity of the contract and the rights created thereby. In this way, certainty and predictability of result are most likely to be secured. Giving parties this power of choice is also consistent with the fact that, in contrast to other areas of the law, persons are free within broad limits to determine the nature of their contractual obligations.

An objection sometimes made in the past was that to give the parties this power of choice would be tantamount to making legislators of them. It was argued that, since it is for the law to determine the validity of a contract, the parties may have no effective voice in the choice of law governing validity unless there has been an actual delega-

Copr. © 2006 The American Law Institute.

REST 2d CONFL § 187 Page 4
Case 4:06-cv-00006-RRB    Document 40-5    Filed 10/16/2006    Page 4 of 5
Restatement (Second) of Conflict of Laws § 187 (1971)
**(Publication page references are not available for this document.)**

tion to them of legislative power. This view is now obsolete and, in any event, falls wide of the mark. The forum in each case selects the applicable law by application of its own choice-of-law rules. There is nothing to prevent the forum from employing a choice-of-law rule which provides that, subject to stated exceptions, the law of the state chosen by the parties shall be applied to determine the validity of a contract and the rights created thereby. The law of the state chosen by the parties is applied, not because the parties themselves are legislators, but simply because this is the result demanded by the choice-of-law rule of the forum.

It may likewise be objected that, if given this power of choice, the parties will be enabled to escape prohibitions prevailing in the state which would otherwise be the state of the eppplicable law. Nevertheless, the demands of certainty, predictability and convenience dictate that, subject to some limitations, the parties should have power to choose the applicable law.

On occasion, the parties may choose a law that would declare the contract invalid. In such situations, the chosen law will not be applied by reason of the parties' choice. To do so would defeat the expectations of the parties which it is the purpose of the present rule to protect. The parties can be assumed to have intended that the provisions of the contract would be binding upon them (cf. § 188, Comment *b*). If the parties have chosen a law that would invalidate the contract, it can be assumed that they did so by mistake. If, however, the chosen law is that of the state of the otherwise applicable law under the rule of § 188, this law will be applied even when it invalidates the contract. Such application will be by reason of the rule of § 188, and not by reason of the fact that this was the law chosen by the parties.

**Illustrations:**

6. In state X, P and D initial an agreement which calls for performance in state Y. The contract states that the rights of the parties thereunder shall be determined by Y law. In X, P sues D for breach of the contract, and D defends on the ground that the contract is void under the X statute of frauds, since it was not signed by him. The contract, however, is valid under Y local law. The X court will find for P.

7. H and W, husband and wife, are domiciled in state X. In state Y, W enters into a contract with C, who is domiciled and doing business in that state, in which C agrees to sell goods to H on credit in return for a guaranty from W in the amount of $1,000.00. The contract recites that it shall be governed by X law. Under the local law of X, married women have full contractual capacity. Under the local law of Y, however, they lack capacity to bind themselves as sureties for their husbands. In an action by C against W, the contract will not be held invalid for lack of contractual capacity on the part of W.

8. A executes and delivers to B in state X an instrument in which A agrees to indemnify B against all losses arising from B's liability on a certain appeal bond on behalf of C, against whom a judgment has been rendered in state Y. The instrument recites that it shall be governed by the law of Y. It is valid and enforceable under the local law of Y but is unenforceable for lack of consideration under the local law of X. In an action by B against A, the instrument will not be held invalid for lack of consideration.

**Comment:**

*f. Requirement of reasonable basis for parties' choice.* The forum will not apply the chosen law to determine issues the parties could not have determined by explicit agreement directed to the particular issue if the parties had no reasonable basis for choosing this law. The forum will not, for example, apply a foreign law which has been chosen by the parties in the spirit of adventure or to provide mental exercise for the judge. Situations of this sort do not arise in practice. Contracts are entered into for serious purposes and rarely, if ever, will the parties choose a law without good reason for doing so.

When the state of the chosen law has some substantial relationship to the parties or the contract, the parties will

Copr. © 2006 The American Law Institute.

REST 2d CONFL § 187 Case 4:06-cv-00006-RRB   Document 40-5   Filed 10/16/2006   Page 5 of 5   Page 5
Restatement (Second) of Conflict of Laws § 187 (1971)
**(Publication page references are not available for this document.)**

be held to have had a reasonable basis for their choice. This will be the case, for example, when this state is that where performance by one of the parties is to take place or where one of the parties is domiciled or has his principal place of business. The same will also be the case when this state is the place of contracting except, perhaps, in the unusual situation where this place is wholly fortuitous and bears no real relation either to the contract or to the parties. These situations are mentioned only for purposes of example. There are undoubtedly still other situations where the state of the chosen law will have a sufficiently close relationship to the parties and the contract to make the parties' choice reasonable.

The parties to a multistate contract may have a reasonable basis for choosing a state with which the contract has no substantial relationship. For example, when contracting in countries whose legal systems are strange to them as well as relatively immature, the parties should be able to choose a law on the ground that they know it well and that it is sufficiently developed. For only in this way can they be sure of knowing accurately the extent of their rights and duties under the contract. So parties to a contract for the transportation of goods by sea between two countries with relatively undeveloped legal systems should be permitted to submit their contract to some well-known and highly elaborated commercial law.

*g.* When application of chosen law would be contrary to fundamental policy of state of otherwise applicable law. Fulfillment of the parties' expectations is not the only value in contract law; regard must also be had for state interest and for state regulation. The chosen law should not be applied without regard for the interests of the state which would be the state of the applicable law with respect to the particular issue involved in the absence of an effective choice by the parties. The forum will not refrain from applying the chosen law merely because this would lead to a different result than would be obtained under the local law of the state of the otherwise applicable law. Application of the chosen law will be refused only (1) to protect a fundamental policy of the state which, under the rule of § 188, would be the state of the otherwise applicable law, provided (2) that this state has a materially greater interest than the state of the chosen law in the determination of the particular issue. The forum will apply its own legal principles in determining whether a given policy is a fundamental one within the meaning of the present rule and whether the other state has a materially greater interest than the state of the chosen law in the determination of the particular issue. The parties' power to choose the applicable law is subject to least restriction in situations where the significant contacts are so widely dispersed that determination of the state of the applicable law without regard to the parties' choice would present real difficulties.

No detailed statement can be made of the situations where a "fundamental" policy of the state of the otherwise applicable law will be found to exist. An important consideration is the extent to which the significant contacts are grouped in this state. For the forum will be more inclined to defer to the policy of a state which is closely related to the contract and the parties than to the policy of a state where few contacts are grouped but which, because of the wide dispersion of contacts among several states, would be the state of the applicable law if effect were to be denied the choice-of-law provision. Another important consideration is the extent to which the significant contacts are grouped in the state of the chosen law. The more closely this state is related to the contract and to the parties, the more likely it is that the choice-of-law provision will be given effect. The more closely the state of the chosen law is related to the contract and the parties, the more fundamental must be the policy of the state of the otherwise applicable law to justify denying effect to the choice-of-law provision.

To be "fundamental," a policy must in any event be a substantial one. Except perhaps in the case of contracts relating to wills, a policy of this sort will rarely be found in a requirement, such as the statute of frauds, that relates to formalities (see Illustration 6). Nor is such policy likely to be represented by a rule tending to become obsolete, such as a rule concerned with the capacity of married women (see Illustration 7), or by general rules of contract law, such as those concerned with the need for consideration (see Illustration 8). On the other hand, a fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person

Copr. © 2006 The American Law Institute.